THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRYAN HOULE, Defendant-Appellant.

Second District   No. 2—92—0660

Opinion filed February 28, 1994.—Rehearing denied March 16, 1994.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE PECCARELLI delivered the opinion of the court:

Defendant, Bryan E. Houle, pleaded guilty to the offense of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992)) in each of four counts and was sentenced to 17 years' imprisonment on each count, with each sentence to be concurrent. Defendant filed a motion to withdraw his guilty plea and vacate the judgment of incarceration. The trial court denied defendant's motion to withdraw his guilty plea. Defendant appeals and contends that the trial court's order denying his motion to withdraw his guilty plea should be reversed and the cause remanded for a rehearing because defense counsel failed to comply with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).[1]

The defendant was indicted on May 15, 1991, on one count of armed robbery. Informations were filed on August 12, 1991, charging defendant with three additional counts of armed robbery. Pursuant to plea negotiations the defendant waived his right to a jury trial and on August 12, 1991, pleaded guilty to the four counts of armed robbery. The plea agreement was that the defendant would plead guilty to four counts of armed robbery; would receive concurrent terms of 17 years' incarceration; would receive a concurrent term of

---

[1]At the time defendant filed his motion to withdraw guilty plea on September 11, 1991, a previous version of Rule 604(d) was in effect. (See 134 Ill. 2d R. 604(d).) However, for clarity's sake and because the changes in the rule play no part in our decision in the case at bar, we chose to cite to the current version of the rule.

not more than 17 years for a charge pending in Winnebago County; would waive all rights to appeal; would receive credit on the sentence in the instant cases for time served in Winnebago County; and the State's Attorney would recommend to the Department of Corrections that the defendant be placed in a medium security facility.

At the guilty plea hearing the trial court admonished defendant of various constitutional rights. The State's Attorney recited a factual basis for the plea. Defendant's counsel stipulated to the factual basis. The State's Attorney represented that if members of the Rochelle police department and the Ogle County sheriff's department, as well as the individual victims, were called as witnesses they would provide evidence implicating the defendant in each armed robbery. There would also be testimony from a codefendant, Kenneth Greer, who previously pleaded guilty to the armed robbery in the indictment.

On count I, the evidence would show that Kenneth Greer was present on December 11, 1990, in Bill's IGA grocery store when $2,700 was taken from the person of Lori Kramer, and that the defendant used a gun.

On count II, the evidence would show that on November 13, 1989, the defendant entered Doc's Drug Store in Rochelle and took $750 from the person of Diane Frailey, an employee of Doc's Drug Store, and that defendant used a hunting knife.

On count III, the evidence would show that on January 13, 1990, the defendant entered a Wal-Mart store and took $700 from Joyce Meyers, and used a Crossman air gun.

On count IV, the evidence would show that the defendant took $120 from an employee of the Outer Limits Tavern, and that he threatened the employee with a Crossman air gun. Defendant's counsel stipulated to the factual basis. The court found there was a sufficient factual basis for the plea and there had been a knowing and voluntary waiver of the right to trial. The court sentenced the defendant to 17 years on each count and the sentences were to run concurrently. On September 11, 1991, defendant filed a motion to withdraw his guilty plea and vacate the judgment of incarceration.

On November 12, 1991, a hearing was conducted on the motion to withdraw his guilty plea and to vacate the judgment of incarceration. Defendant was represented by defense counsel George Fisher, who had been defendant's counsel at the time defendant pleaded guilty. The defendant testified. During the hearing it appeared that defense counsel George Fisher might have a conflict of interest. He requested leave to withdraw from the case. The court granted that motion and the hearing was rescheduled. On November 13, 1991, Attorney Donald J. Miller of Forreston, Illinois, was assigned to rep-

resent the defendant. On December 19, 1991, another hearing on the defendant's motion to withdraw his plea of guilty occurred. The defendant testified. The court heard the arguments of counsel. On May 26, 1992, defendant's motion to withdraw the guilty plea and vacate the judgment of incarceration was denied.

On appeal, defendant contends that the cause must be remanded for a rehearing on his motion to withdraw his guilty plea and to vacate the judgment of incarceration because defense counsel failed to file a Rule 604(d) certificate. In this case no certificate was filed.

The State contends that the defendant waived his right to bring an appeal pursuant to his negotiated plea agreement, that such a waiver is enforceable, and that defendant is estopped from maintaining the instant appeal by virtue of the waiver of his right to appeal as part of the negotiated plea agreement.

The State argues that *People v. Wilk* (1988), 124 Ill. 2d 93, is similar to the case at bar. In the *Wilk* case the defendants failed to file a motion to withdraw their plea of guilty. In this case, defendant's counsel failed to file a certificate of compliance with the requirements of Rule 604(d). That is a substantial difference.

■ Rule 604(d) requires that a defendant's attorney file with the trial court a certificate that the attorney has consulted with the defendant to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. 145 Ill. 2d R. 604(d.)

This court has mandated strict compliance with Rule 604(d). (*People v. Davis* (1994), 255 Ill. App. 3d 647, 649; *People v. Kendall* (1991), 213 Ill. App. 3d 782, 786; *People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171.) Since compliance with the rule is mandatory, when counsel fails to comply, the judgment must be reversed and the cause remanded for a rehearing on the motion.

In the case at bar the State argues that the result of the failure to file a certificate pursuant to Rule 604(d) should be imputed to the defendant and defendant's counsel and the result should be a dismissal and not a remand. The State stated that *Wilk* reflected "the supreme court was particularly disturbed that the process of an appellate court remand for the filing of a motion to withdraw a plea of guilty would result in the cases having taken a 'needless trip to the appellate court' and 'wasted the court's time.'" The assertion of the State is taken out of context. In *Wilk*, the court stated:

"Rule 604(d) was designed to meet a specific need. A few years after the effective date of our 1970 Constitution, it came to the

attention of this court that a large number of appeals in criminal cases were being taken from pleas of guilty. One appellate court justice estimated that one-third of all criminal appeals in his division were from pleas of guilty. A review of criminal appeal filings in the appellate court in the five judicial districts substantiated this estimate. A review of the appeals in those cases revealed that many of the errors complained of could and undoubtedly would be easily and readily corrected, if called to the attention of the trial court. The rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." *Wilk*, 124 Ill. 2d at 106.

■ More recently, after citing with approval the strict compliance rule of *Dickerson* and other decisions, our supreme court has expressly ruled that "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." (*People v. Janes* (1994), 158 Ill. 2d 27, 33; see *People v. Davis*, 255 Ill. App. 3d at 650; *People v. Denson* (1993), 243 Ill. App. 3d 55, 62-63; *People v. Ramage* (1992), 229 Ill. App. 3d 1027, 1031.) *Janes* now clearly approves of the procedure established in prior appellate decisions holding that if Rule 604(d) is not fully complied with the remedy is the filing of a new motion and a new hearing on the motion. Since defendant will be afforded the opportunity to present a new motion, counsel will have to certify that he has complied with Rule 604(d), prior to or contemporaneously with filing the motion, to preserve any of defendant's claims of error.

■ The State vigorously argued that the defendant is estopped from maintaining the instant appeal by virtue of a waiver of his right to appeal as part of the negotiated plea agreement. Defendant did not raise the issue but was required to respond to the issue. We address this issue under the substantial error doctrine (134 Ill. 2d R. 615(a)).

The State asserts that the trial judge specifically admonished the defendant as to the consequences of the waiver of his right to appeal. The record reflects that the purported specific admonishment by the trial judge was:

"THE COURT: Okay. In this case I do believe that the waiver of the rights and plea of guilty are voluntarily and knowingly made. Additional conditions that were stated to this Court, Mr. Houle, that is you are giving up all rights to appeal. You're accepting this without being able to change your mind later ***."

A further review of the record reveals the court again mentioned the waiver of the right to appeal as follows:

"MR. SCHUMACHER [State's Attorney]: And, I'm sorry, Judge, I was writing here, too, but the Defendant was aware, did the Court also agree as part of disposition that he waived all rights to an appeal?

THE COURT: Yes. We did address that issue.

MR. SCHUMACHER: Thank you.

THE COURT: And he did agree he's giving up any right to challenge this later, other than I'm sure if something backfires on the plea agreement itself?

MR. SCHUMACHER: All right.

THE COURT: But as to the issues of the armed robberies, he waives all right to appeal in this case. He will get credit for time served in Winnebago and/or De Kalb Counties on the same charges and medium security prison."

The State argues that waivers of right to appeal entered as part of a negotiated guilty plea have been enforced and cites *People v. Fearing* (1982), 110 Ill. App. 3d 643, and *People v. Nichols* (1986), 143 Ill. App. 3d 673. The Illinois Constitution (Ill. Const. 1970, art. VI, § 6) grants a defendant in a criminal case the right to appeal a criminal conviction. The right to appeal like other constitutional rights may be waived (*People v. Fearing* (1982), 110 Ill. App. 3d 643). In the *Fearing* case the defendant, after a jury trial and verdict of guilty by the jury of a burglary and felony theft, judgment was entered on the verdict. The defendant then entered into a plea agreement which the trial judge accepted, involving the two convictions and six pending charges that arose from the defendant's escape from custody while awaiting trial. In accordance with the plea agreement, the defendant waived a presentence investigation report and a sentencing hearing and was sentenced to concurrent terms of three and two years' imprisonment for the burglary and theft and with respect to the six pending charges the defendant pleaded guilty to one and was sentenced to six years' imprisonment to be served consecutively to the first two sentences. The State dismissed the five remaining charges. The defendant waived his right to appeal the convictions for burglary and theft.

The court discussed the concept of plea agreements, plea bargaining and the right to appeal, the waiver of the right to appeal, the consequence of enforcing the plea agreement and the consequence of a violation of the plea agreement. The significance in the *Fearing* case is what constitutes an enforceable waiver of the right to appeal. The court in *Fearing* set out the admonishments by the trial court of the right to appeal, the right to have a lawyer appointed to represent the defendant on appeal, the right to have a copy of the transcript furnished free of charge if the defendant could not afford it and the

attorney would be furnished free of charge if the defendant could not afford it. (*Fearing*, 110 Ill. App. 3d at 646.) The appellate court in *Fearing* concluded that the trial judge fully explained to the defendant the appellate rights waived by the agreement, and the conclusion that the defendant knowingly and voluntarily waived his right to appeal.

In *People v. Nichols* (1986), 143 Ill. App. 3d 673, a jury found the defendant guilty of two counts of unlawful possession of a controlled substance with intent to deliver. As part of a negotiated plea agreement in a contemporaneous prosecution for narcotics racketeering, the defendant agreed to waive his right to appeal the convictions for unlawful possession with intent to deliver cocaine and lysergic acid diathylamide. The *Nichols* court, referring to *People v. Fearing*, agreed that the defendant should be admonished what specific rights are being waived by such an appeal waiver. The court in *Nichols* reached the same conclusion as the court in the *Fearing* case that the judge did fully admonish the defendant concerning the appeal waiver and accordingly concluded the defendant knowingly and voluntarily waived his right to appeal.

Supreme Court Rule 605 (b) (145 Ill. 2d R. 605(b)) sets forth the requirements for the trial court to advise the defendant, in which a judgment is entered upon a plea of guilty, at the time of imposing a sentence concerning the right to appeal. Although defendant did not raise the issue of the waiver of the right to appeal, such issue was raised by the State as a response to the defendant's claim of error. The record in the instant case is void of substantially all of the advice required to be given to the defendant by the trial court.

■ We conclude that defendant's counsel failed to comply fully with Rule 604(d). It is incumbent upon the trial court to insist that defense counsel comply with the certification requirements before allowing a hearing on the motion because certification is a condition precedent to a hearing on the motion. (*People v. Ramage* (1992), 229 Ill. App. 3d 1027, 1031; *People v. Reed* (1991), 213 Ill. App. 3d 855, 857.) Defendant shall be allowed to file a new motion to withdraw his guilty plea and vacate the judgment, and he shall be allowed a new hearing on the motion.

The judgment of the circuit court of Ogle County is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

DOYLE and COLWELL, JJ., concur.