NO. 4-05-0213          Filed 8/2/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from |
|      Plaintiff-Appellee, | ) Circuit Court of |
|      v. | ) Champaign County |
| STEPHEN PETTY, | ) No. 99CF1219 |
|      Defendant-Appellant. | ) |
| | ) Honorable |
| | ) John R. Kennedy, |
| | ) Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In September 2004, defendant, Stephen Petty, filed an amended postconviction petition. In March 2005, following an evidentiary hearing, the trial court denied the petition. On appeal, defendant argues the trial court's denial of his postconviction petition was manifestly erroneous because his counsel failed to file a Rule 604(d) certificate (188 Ill. 2d R. 604(d)) prior to the hearing on his first motion to withdraw his guilty plea. We affirm.

I. BACKGROUND

In August 1999, a grand jury indicted defendant on two counts of unlawful delivery of a controlled substance (cocaine) in an amount more than 15 but less than 100 grams, both Class X felonies (720 ILCS 570/401(a)(2)(A) (West 1998)). In November 1999, the State also charged defendant with a separate count of unlawful delivery of a controlled substance (cocaine) in an amount more than 1 but less than 15 grams, a Class 1 felony (720

ILCS 570/401(c)(2) (West 1998)).

In November 1999, defendant entered into a plea agreement with the State whereby defendant agreed to plead guilty to the Class 1 felony of unlawful delivery of a controlled substance (5 to 15 grams), in exchange for the State's promise to dismiss the two-count indictment for the separate Class X felony charges of unlawful delivery of a controlled substance (15 to 100 grams) and recommend a sentencing cap of 11 1/2 years.  The trial court accepted defendant's plea, finding that defendant entered into it knowingly and voluntarily.

In November 1999, defendant sent to the trial judge certain pro se documents, including a letter indicating he did not wish to plead guilty.  Thereafter, defendant's attorney, Edwin K. Piraino, filed a motion to withdraw the guilty plea or, in the alternative, a motion to reconsider the sentence.  Counsel also filed a Rule 604(d) certificate.

At the December 1, 1999, hearing on the motion, defendant withdrew his motion to withdraw his guilty plea.  On December 10, 1999, the trial court sentenced defendant to an 11 1/2-year prison term within the State's recommended sentencing cap.

Thereafter, defendant filed a pro se motion to withdraw his guilty plea.  On January 14, 2000, attorney Piraino filed a motion to reconsider the sentence or, in the alternative, a motion to withdraw the guilty plea.  Counsel did not file a Rule 604(d) certificate.

In February 2000, the trial court held a hearing on

defendant's motion to withdraw his guilty plea. The State confessed the motion, stating that the agreed-upon 11 1/2-year sentencing cap was too lenient. The court granted defendant's motion to withdraw his guilty plea and informed defendant that the State would reinstate the two previously dismissed Class X charges. In February 2000, Piraino withdrew as defendant's counsel, and Malcolm Barnes was appointed as defendant's counsel.

On June 14, 2000, the day of defendant's trial, defendant entered a second negotiated guilty plea, under which the State agreed to (1) dismiss count II of the indictment and (2) forego recommending a discretionary doubling of defendant's sentence, which would have made defendant eligible for a 30- to 60-year prison term (720 ILCS 570/408 (West 1998)). The trial court accepted the negotiated plea.

Prior to sentencing, defendant filed a motion to reinstate his first plea agreement and the respective 11 1/2-year sentence. The trial court denied the motion.

At the July 7, 2000, sentencing hearing, the trial court noted that defendant had filed pro se motions to withdraw his guilty plea and to dismiss the indictments and that defense counsel had filed a supplemental motion to reinstate defendant's original plea and sentence. The court found defendant's pro se motion to withdraw his guilty plea premature since sentencing had not yet occurred. The court also found defendant's motion to dismiss the indictments meritless. The court sentenced defendant to a 30-year prison sentence in accordance with defendant's plea

agreement.

Following the appointment of new counsel and the denial of defendant's motion for reconsideration of his sentence and motion to vacate the second plea, defendant filed a direct appeal. Defendant argued (1) he received ineffective assistance of counsel at the time of his second plea agreement, (2) the trial court failed to admonish him of the consequences of withdrawing his first guilty plea, and (3) the State failed to include his prior convictions in the charging instrument as a basis for seeking an enhanced sentence. This court rejected defendant's arguments and affirmed the conviction and sentence. People v. Petty, No. 4-00-0777 (January 3, 2002) (unpublished order under Supreme Court Rule 23).

In August 2002, defendant filed a pro se verified petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2002)). In his petition, defendant alleged that (1) the attorney that handled his first guilty plea failed to file a certificate in compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), (2) he was denied due process because he was not admonished at the time of his plea that a term of mandatory supervised release was part of the negotiated sentence, and (3) he received ineffective assistance of counsel prior to his first guilty plea when his counsel failed to advise or communicate to him an offer by the State of nine years. The trial court summarily dismissed defendant's petition, finding the petition

frivolous and patently without merit.

On appeal, this court found that defendant's allegation that his attorney failed to convey a nine-year offer stated a gist of a constitutional claim. People v. Petty, No. 4-02-0872 (May 25, 2004) (unpublished order under Supreme Court Rule 23). Therefore, we remanded the cause to the trial court with directions to appoint counsel for defendant and for the entire petition to be docketed for second-stage review. Petty, No. 4-02-0872.

On September 21, 2004, following remand, defendant filed an amended postconviction petition. The petition realleged the original three claims. The petition also alleged attorney Piraino rendered ineffective assistance of counsel because he failed to file the Rule 604(d) certificate and determine defendant understood the mandatory-supervised-release requirement.

On March 1, 2005, the trial court held an evidentiary third-stage hearing on the postconviction petition. As is relevant to the issue on appeal, defendant testified as follows.

Prior to pleading guilty on November 9, 1999, defendant met with Piraino only once or twice. According to defendant, Piraino never discussed with him the motion to withdraw the guilty plea.

However, on cross-examination, defendant admitted receiving a letter from Piraino dated November 24, 1999. A copy of that letter is contained in the record on appeal. In that letter, Piraino advised defendant not to withdraw his guilty

plea.  Piraino also informed defendant that if the trial court allowed him to withdraw his guilty plea, he would be tried on the two Class X felonies, each of which carried a penalty of 6 to 30 years' imprisonment.  Defendant testified he decided to withdraw his motion to withdraw his guilty plea and proceed to sentencing.

After the trial court sentenced him to 11 1/2 years' imprisonment, defendant testified he again filed a pro se motion to withdraw his guilty plea.  Piraino subsequently filed a motion to withdraw the guilty plea on defendant's behalf but, according to defendant, never discussed the motion with him.  On February 24, 2000, the court held the hearing on the motion and allowed defendant to withdraw his guilty plea.

The trial court took judicial notice of the court file and transcripts.  Defendant rested, and the State presented its case.  Piraino testified he met with defendant eight or nine times.  After defendant pleaded guilty, defendant told Piraino that he thought the 11 1/2-year cap was too high, and he wanted to withdraw his guilty plea.  Piraino spoke to defendant in person to try to talk him out of withdrawing his guilty plea.  Piraino also wrote him a letter asking him to reconsider because  if defendant withdrew his guilty plea, he would receive a greater sentence.  A day before writing that letter, Piraino prepared the motion to withdraw the guilty plea and filed a Rule 604(d) certificate.  Defendant later withdrew that motion to withdraw the guilty plea.

Piraino testified that after the trial court sentenced

defendant to 11 1/2 years' imprisonment, defendant would not speak to Piraino. Piraino believed he was fired. He admitted, however, that before he withdrew as counsel, he appeared on the motion to withdraw the guilty plea, which was granted.

On cross-examination, Piraino stated he filed the first motion to withdraw the guilty plea immediately after getting a copy of defendant's pro se motion. He did not talk to defendant prior to filing that motion, despite filing a Rule 604(d) certificate saying he consulted with defendant about the grounds. Piraino did not recall whether he filed a second motion to withdraw the guilty plea but admitted he would have followed the same procedure as he did with the first. He did not recall filing a second Rule 604(d) certificate because he did not think he still represented defendant.

Following argument, the trial court found that the second motion to withdraw the guilty plea did not have an accompanying Rule 604(d) certificate. However, the court found that defendant was not prejudiced by his counsel's failure to file the certificate because the motion was granted. The court further found that defendant forfeited the issue by failing to raise it on direct appeal. Finally, the court noted the failure to file a Rule 604(d) certificate does not raise an issue of constitutional deprivation of rights.

This appeal followed.

## II. ANALYSIS

The Act (725 ILCS 5/122-1 through 122-8 (West 2004)) provides a means

by which a defendant may challenge his conviction for violations of federal or state constitutional rights. People v. Orange, 195 Ill. 2d 437, 447, 749 N.E.2d 932, 938 (2001). To be entitled to postconviction relief, a defendant must establish a substantial deprivation of federal or state constitutional rights in the proceedings that resulted in the conviction or sentence being challenged. Orange, 195 Ill. 2d at 447, 749 N.E.2d at 938.

Trial court determinations on postconviction petitions made after an evidentiary hearing will not be disturbed unless manifestly erroneous. People v. Morgan, 187 Ill. 2d 500, 528, 719 N.E.2d 681, 697 (1999).

Defendant argues the absence of a Rule 604(d) certificate renders the withdrawal of defendant's original guilty plea void. Defendant seeks vacation of his current sentence and a remand for proceedings on his original motion to withdraw his guilty plea.

Defendant has forfeited the issue by failing to raise it on his direct appeal. A postconviction proceeding only addresses constitutional issues that were not, and could not have been, raised and adjudicated on direct appeal. People v. Pitsonbarger, 205 Ill. 2d 444, 456, 793 N.E.2d 609, 619 (2002). The doctrine of res judicata bars issues raised on direct appeal, and issues that could have been raised, but were not, are forfeited. Pitsonbarger, 205 Ill. 2d at 456, 793 N.E.2d at 619. Because defendant could have raised the issue in his direct appeal but did not, the issue is forfeited.

Even if we were to address the issue on the merits, we would find defendant is not entitled to the relief requested.

Pursuant to Rule 604(d), a defendant may not appeal from a judgment entered on a plea without first filing a motion to withdraw the guilty plea.  188 Ill. 2d R. 604(d).  If only the sentence is challenged, the defendant must file a motion to reconsider the sentence.  188 Ill. 2d R. 604(d).  Counsel representing a defendant who has pleaded guilty must file in the trial court a certificate stating the following:

> "[T]he attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  188 Ill. 2d R. 604(d).

The purpose of the Rule 604(d) motion requirement is to permit the trial judge who accepted the plea and imposed the sentence to consider any allegations of impropriety that took place outside the record and correct any error that may have led to the guilty plea.  People v. Shirley, 181 Ill. 2d 359, 361, 692 N.E.2d 1189, 1191 (1998).  The purpose of this certificate requirement is to ensure "counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence."  Shirley, 181 Ill. 2d at 361, 692 N.E.2d at 1191.  The certificate requirement "encourages the preservation of a clear record *** of the reasons why a defendant is moving to withdraw his plea or to reduce sentence."  Shirley, 181 Ill. 2d at 361, 692 N.E.2d at 1191.  When Rule 604(d) is violated, the remedy is to remand for the filing of a new motion and for a new hearing on the motion.

˅ 10 ˅

People v. Janes, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994) (reversing trial court's denial of a motion to withdraw a guilty plea where counsel failed to strictly comply with Rule 604(d) certificate requirement); People v. Dismuke, 355 Ill. App. 3d 606, 611, 823 N.E.2d 1131, 1135 (2005) (involving insufficient Rule 604(d) certificate).

Whether strict compliance with the Rule 604(d) certificate requirement is necessary when the trial court grants the motion to withdraw the guilty plea is a matter of first impression. Given the purpose of the certificate requirement, we conclude that when the motion to withdraw the guilty plea is granted, the Rule 604(d) certificate requirement becomes irrelevant. Cf. People v. McCaskill, 298 Ill. App. 3d 260, 268, 698 N.E.2d 690, 695 (1998) (finding that where the defendant did not file a motion to withdraw his negotiated guilty plea before moving to reduce his sentence, counsel's alleged failure to file a Rule 604(d) certificate was irrelevant). It makes no sense to remand the cause for another hearing on a motion to withdraw a guilty plea that has previously been granted.

Defendant argues that compliance with Rule 604(d) would have provided him the opportunity to make a fully informed decision about his plan to withdraw his guilty plea. However, the purpose of the rule is not to protect defendants from their own poor judgment. The rule ensures that counsel considered all arguments in support of the motion to withdraw the guilty plea. Whether defense counsel reviewed defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea is irrelevant because defendant received the relief he sought in the motion--withdrawal of his guilty plea.

Moreover, the testimony at the evidentiary hearing

demonstrated defendant did know the ramifications of withdrawing his guilty plea so as to permit him to make an informed decision. Defendant admitted receiving the November 24, 1999, letter from Piraino informing defendant that if he withdrew his guilty plea, he would be tried on the two Class X felonies, each of which carried a penalty of 6 to 30 years' imprisonment.

Defendant also argues that because the filing of a Rule 604(d) certificate is a prerequisite to holding the hearing on the motion to withdraw the guilty plea, all subsequent procedures were void. In support of his proposition, defendant cites <u>People v. Oliver</u>, 276 Ill. App. 3d 929, 932, 659 N.E.2d 435, 438 (1995) (noting that <u>Janes</u>, 158 Ill. 2d 27, 630 N.E.2d 790, "implicitly held that the proceedings below were fundamentally flawed, not merely void due to a technicality").

"A void judgment is one entered by a court that lacks the power to make or enter a particular order." <u>People v. Johnson</u>, 338 Ill. App. 3d 213, 215, 788 N.E.2d 152, 154 (2003). A voidable order is "one entered erroneously by a court having jurisdiction." <u>People v. Davis</u>, 156 Ill. 2d 149, 155-56, 619 N.E.2d 750, 754 (1993).

A trial court that proceeds with a hearing on a motion to withdraw a guilty plea without confirming that counsel filed a Rule 604(d) certificate proceeds in error. See, <u>e.g.</u>, <u>Dismuke</u>, 355 Ill. App. 3d at 608, 823 N.E.2d at 1133 (the filing of a Rule 604(d) certificate is a condition precedent to a hearing on the motion to withdraw the guilty plea). This does not render the ruling on the motion void. If the court

denies the motion to withdraw, the cause must be remanded for the filing of a new motion and for a new hearing on the motion.  <u>Dismuke</u>, 355 Ill. App. 3d at 611, 823 N.E.2d at 1135.  However, if the court grants the motion, it is immaterial whether counsel filed a Rule 604(d) certificate because the defendant received the relief requested.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., and McCULLOUGH, J., concur.