SECOND DIVISION
December 12, 2006

No. 1-05-0458

THE PEOPLE OF THE STATE OF ILLINOIS,  )   Appeal from the
                                      )   Circuit Court of
     Plaintiff-Appellee,              )   Cook County.
                                      )
          v.                          )
                                      )
KAVELL BRYANT,                        )   Honorable
                                      )   Vincent M. Gaughan,
     Defendant-Appellant.             )   Judge Presiding.


     PRESIDING JUSTICE WOLFSON delivered the opinion of the

court:

     In August of 2003 we sent this case back to the trial court

with a simple mandate: provide the defendant with proper Supreme

Court Rule 605(b) (188 Ill. 2d R. 605(b)) admonishments and give

him the opportunity to file a motion to withdraw his guilty plea.

People v. Bryant, No. 1-01-3013 (2003) (unpublished order under

Supreme Court Rule 23).  What followed in the trial court was a

series of rulings that create an issue of first impression in

this State.

     The main issue is whether the trial court erred in

reconsidering and vacating an order granting the defendant's oral

motion to withdraw his guilty plea.  We hold it did not.

BACKGROUND

     Defendant Kavell Bryant pled guilty to first degree murder

1-05-0458

and was sentenced to 20 years in prison.  Defendant failed to file a written motion to withdraw his guilty plea as required by Supreme Court Rule 604(d).  188 Ill. 2d R. 604(d).  He did not file a direct appeal.  Defendant filed a pro se post-conviction petition, which the trial court dismissed after a second-stage hearing.  Defendant appealed.  We remanded the case to the trial court with directions to admonish defendant in accordance with Rule 605(b), and to allow him to file a motion to withdraw his guilty plea if he so desired.

On remand, the trial court started to admonish defendant pursuant to Rule 605(b) when it suddenly stopped and asked defendant whether he wished to "withdraw his guilty plea."  After defendant's counsel responded "he does," the trial court said: "All right, I'm not going to play this nonsense.  Motion to withdraw guilty plea is sustained.  Okay.  We are back on the trial call."  When the State asked whether there would be a hearing on defendant's motion to withdraw his guilty plea, the court said:

> "Well, the whole thing is, here's my whole
> point, when I am part of the agreement, there
> was an agreement upon his plea, if the
> defendant doesn't want it, if you can turn
> back pots and pans, my philosophy is, he can

1-05-0458

vacate the plea agreement.  Okay?"
The half-sheet contains a notation indicating the trial court sustained defendant's motion to withdraw his plea on December 1, 2003.  The State did not object to the trial court's consideration of an oral motion to withdraw the guilty plea.

On December 22, 2003, the State filed a "Motion to Reconsider Granting of Defendant's Motion to Withodraw [sic] Guilty Plea," requesting the trial court reconsider its decision and conduct a hearing into the merits of the defendant's motion to withdraw.

Defense counsel filed a written motion to withdraw defendant's guilty plea on February 4, 2004.  On May 17, 2004, the trial court granted the State's motion to reconsider, holding: "All right, the motion to vacate the order for new trial is sustained, all right."

The case then was passed for a discussion between the court and the parties.  When the case was recalled, the trial court admonished defendant pursuant to portions of Supreme Court Rule 402.  177 Ill. 2d R. 402.  The trial court apparently believed this court had ordered him to give more complete Rule 402 admonishments.  We did not.  During the Rule 402 admonishments, the trial court asked defendant whether any promises or agreements had been made to him to make him plead guilty.

-3-

Defendant said his attorney promised him he could get "day-for-day like two-for-one" for the time he spent in county jail, and "could get a time cut within two years" if he pled guilty. Defendant said his attorney told him "several other things like he induced me to take it."

After determining the defendant understood he was pleading guilty voluntarily and knowingly, the trial court accepted his "guilty plea." No sentence was imposed or discussed. Defendant was then admonished pursuant to Rule 605(b), which included an admonishment that he could file a written motion to withdraw his plea.

Following the hearing, the State raised the issue of defendant's bond, which had previously been set at $150,000. The State argued defendant should be held in custody until the ruling on his motion to vacate the guilty plea because he was once again a convicted felon. The court replied:

> "Well, actually right now as its stands there is, will be, I will allow [defendant] to file an oral motion instanter to vacate the plea of guilty so you are not convicted of anything until thirty days from now. *** So, State, there has been not a substantial change in his position other than the

> appellate court said that he had been not
> properly admonished on his guilty plea and
> throughout the pendency of this you have
> never moved to increase the bond.  Now that
> he has made bond it seems like an
> afterthought."

The trial court sustained defendant's oral motion to allow his bond to stand.  No issue is raised in this appeal regarding the court's post-hearing comments about an oral motion to vacate the guilty plea "until 30 days from now."  Whatever order the trial court had in mind was not reduced to writing and never was referred to again.  It remains a mystery.  Since it is not raised as an issue, we will move on.

On June 8, 2004, defense counsel filed a second written motion to withdraw defendant's guilty plea, contending his plea was not voluntary because of his prior defense counsel's misrepresentations in the original action.  Following a hearing, the trial court denied the motion, finding that:

> "[Defendant] did enter his plea knowingly and
> voluntarily.  The evidence showed that he was
> not incorrectly informed by his attorney
> concerning reductions of sentences, *** I
> find that the evidence has shown that there

1-05-0458

has been no substantial violations of his

Constitutional rights, which would indicate

in any way that [defendant's] plea was not

voluntary and was not knowingly made.

Therefore, the motion to withdraw the plea is

denied."

Defendant appealed.

DECISION

I. Motion to Withdraw the Guilty Plea

Defendant contends the trial court improperly reconsidered its decision to vacate the guilty plea because his "presumption of innocence and constitutional rights" reattached after the trial court vacated his plea. Defendant contends the trial court had no authority to insert him back into his guilty plea. See Schak v. Blom, 334 Ill. App. 3d 129, 134, 777 N.E.2d 635 (2002) (a judgment or order is void where it is entered by a court which lacks the "inherent power to enter the particular judgment or order.") Defendant does not challenge the merits of the trial court's decision to deny his motion to withdraw the guilty plea. That is, he does not claim the 1998 Rule 402 admonishments were fatally defective.

Initially, we note the parties disagree regarding the correct standard of review in this appeal. Defendant contends

-6-

1-05-0458

his claim presents a pure question of law, and, therefore, should be reviewed de novo. See People v. Johnson, 206 Ill. 2d 349, 359, 794 N.E.2d 294 (2002). The State counters it is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and the court's decision is reviewed only for an abuse of discretion. See People v. Stevens, 324 Ill. App. 3d 1084, 1090, 757 N.E.2d 1281 (2001). Because the issue on appeal is whether the trial court had the power to reconsider its decision to grant defendant's motion to withdraw the plea, we find the proper standard of review is de novo.

Leave to withdraw a guilty plea is "not granted as a matter of right, but as required to correct a manifest injustice under the facts involved." People v. Pullen, 192 Ill. 2d 36, 39, 733 N.E.2d 1235 (2000). A trial court should allow a defendant to withdraw his guilty plea where the plea was based on the misapprehension of facts or law or because of misrepresentations by counsel, where there is doubt of the defendant's guilt, or where ends of justice would better be served by submitting the case to a trial. Pullen, 192 Ill. 2d at 40; Stevens, 324 Ill. App. 3d at 1090.

The State counters that the trial court did not actually vacate defendant's guilty plea during the hearing on December 1, 2003. The State contends the trial could not have procedurally

1-05-0458

withdrawn the guilty plea until defendant filed a written motion to withdraw his plea, as required by Supreme Court Rule 604(d).

As defendant notes, the State did not object to an oral motion before or after the trial court vacated defendant's guilty plea and placed the case back on the trial call. Instead, the State sought leave to file a motion to reconsider the decision based on the trial court's failure to conduct a hearing on the motion.

Issues not raised in the trial court are generally considered forfeited on appeal. People v. O'Neal, 104 Ill. 2d 399, 407, 472 N.E.2d 441 (1984). "The principle of waiver applies to the State as well as the defendant in a criminal case." O'Neal, 104 Ill. 2d at 407. See also People v. Enoch, 122 Ill. 2d 176, 188, 522 N.E.2d 1124 (1988) ("It has been held that the requirement of a written motion can be waived if a defendant makes an oral motion for a new trial and the State does not object.") We find the State forfeited its contention on appeal. See Enoch, 122 Ill. 2d at 188.

Forfeiture aside, we find Rule 604(d) does not apply in this case.

Rule 604(d) provides, in relevant part:

> "No appeal from a judgment entered upon a
> plea of guilty shall be taken unless the

> defendant, within 30 days of the date on which sentence is imposed, files in the trial court *** a motion to withdraw the plea of guilty and vacate the judgment. *** The motion shall be in writing and shall state the grounds thereof. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty." 188 Ill. 2d R. 604(d)

Our supreme court has held Rule 604(d) was "designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review <u>in cases where defendant's claim is disallowed</u>." (Emphasis added.) <u>People v. Wilk</u>, 124 Ill. 2d 93, 106, 529 N.E.2d 218 (1988). "Rule 604(d) establishes a condition precedent for an appeal from a defendant's plea of guilty." <u>Wilk</u>, 124 Ill. 2d at 105.

In <u>People v. Petty</u>, 366 Ill. App. 3d 1170, 1177, 853 N.E.2d 429 (2006), the court held a trial court that proceeds with a

1-05-0458

hearing on a motion to withdraw a guilty plea without confirming defense counsel filed a Rule 604(d) certificate proceeds in error. If the court denies the motion to withdraw, the cause must be remanded for the filing of a new motion and for a new hearing. Petty, 366 Ill. App. 3d at 1177. If the trial court grants the motion to withdraw, however, "it is immaterial whether counsel filed a Rule 604(d) certificate because the defendant received the relief requested." Petty, 366 Ill. App. 3d at 1177.

Contrary to the State's contention, the record clearly shows the trial court sustained defendant's motion to withdraw during the hearing on December 1, 2003. The State's own motion to reconsider asked the trial court to vacate its order and conduct a hearing on the merits of the defendant's motion. The circuit court half-sheet also indicates the trial court granted defendant's motion to withdraw his guilty plea.

While Rule 604(d) clearly required defendant to file a written motion to withdraw his plea before he could appeal from any judgment entered on the plea, nothing in the rule specifically required defendant to file a written motion to withdraw before the trial court vacated his plea and ordered a new trial. Here, similar to Petty, it was immaterial whether defense counsel filed a written motion before the trial court vacated the plea because the defendant actually received the

-10-

relief he requested. See Petty, 366 Ill. App. 3d at 1177. No Illinois case, rule, or statute suggests a defendant is required to file a written motion to withdraw his plea before the trial court may vacate the plea and order a new trial. We decline to impose such a requirement here.

We find the trial court did not err in granting defendant's oral motion to withdraw his guilty plea.

We must now determine whether the court was allowed to reconsider its decision in light of the State's motion.

Whether a trial court can reconsider its decision to grant a defendant's motion to withdraw his guilty plea is an issue of first impression in Illinois.

In People v. Dismuke, 355 Ill. App. 3d 606, 607, 823 N.E.2d 1131 (2005), the trial court granted defendant's motion to withdraw his guilty plea. Upon reconsideration after a hearing, the court denied defendant's motion. Dismuke, 355 Ill. App. 3d at 607. Defendant then filed an amended motion, which was denied by the trial court. The court reversed the trial court's order because defense counsel's Rule 604(d) petition was deficient. While Dismuke is factually similar to the case at bar, the court did not consider, and the defendant did not challenge, the trial court's decision to reconsider the granting of defendant's original motion to withdraw.

1-05-0458

We are not completely without guidance, however.

The purpose of a motion to reconsider is to bring to the trial court's attention changes in the law, errors in the court's previous application of existing law, and newly discovered evidence not available at the time of the hearing. In re Gustavo H., 362 Ill. App. 3d 802, 814, 841 N.E.2d 50 (2005). Public policy favors correcting errors at the trial level, and a timely motion to reconsider is an appropriate method to direct the trial court's attention to a claim of error. People v. Wagner, 100 Ill. App. 3d 1051, 1053, 427 N.E.2d 985 (1981); People v. Stokes, 49 Ill. App. 3d 296, 298, 364 N.E.2d 300 (1977).

"A court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority." People v. Mink, 141 Ill. 2d 163, 171, 565 N.E.2d 975 (1990). The court's power to reconsider extends to interlocutory, as well as final, judgments. Mink, 141 Ill. 2d at 171.

In Mink, after convictions, the defendant filed a post-trial motion alleging the State failed to introduce sufficient evidence of venue. The trial court granted the defendant's motion for a new trial. The State subsequently filed a motion for reconsideration of the trial court's order. The trial court granted the State's motion, vacated the new trial order, and

-12-

reinstated the defendant's convictions. On appeal, the defendant argued the State was barred from seeking reconsideration of the trial court's order by article VI, section 6, of the Illinois constitution, and by the double jeopardy clauses of the State and Federal Constitutions. Mink, 141 Ill. 2d at 170.

In rejecting the defendant's contentions, the supreme court noted the trial court's order granting the defendant's motion for a new trial was interlocutory in nature. Mink, 141 Ill. 2d at 171. When the trial court set the matter for a new trial, it retained jurisdiction over the defendant and the indictment. Mink, 141 Ill. 2d at 171. The court held: "So long as the case was pending before it, the trial court had jurisdiction to reconsider any order which had previously been entered." Mink, 141 Ill. 2d at 171, citing People ex rel. Daley v. Crilly, 108 Ill. 2d 301, 305, 483 N.E.2d 1236 (1985); People v. Van Cleve, 89 Ill. 2d 298, 432 N.E.2d 837 (1982); People v. Heil, 71 Ill. 2d 458, 376 N.E.2d 1002 (1978). See also State v. Larkin, 111 Ohio App. 3d 516, 519, 676 N.E.2d 906 (Ohio 1996) ("[T]he original trial judge did have authority to reconsider and, upon more mature reflection, to vacate his original decision granting [defendant] a new trial.")

Here, similar to Mink, the trial court's order sustaining defendant's motion to withdraw his guilty plea was interlocutory

1-05-0458

in nature.  See People v. Allen, 71 Ill. 2d 378, 381, 565 N.E.2d 975 (1978) ("The final judgment in a criminal case is the sentence.")  Even though the trial court placed the matter "back on the trial call," it retained jurisdiction over the defendant and the indictment.

The cases cited by defendant do not warrant a different conclusion.  In Estelle v. Williams, 425 U.S. 501, 503, 48 L.Ed.2d 126, 96 S.Ct. 1691 (1976), the United States Supreme Court recognized "the presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice."  The issue in Estelle, however, was whether the defendant was denied his "presumption of innocence" when he was forced to appear before the jury in prison attire.  Estelle, 425 U.S. at 504, 48 L.E.2d at 130, 96 S.Ct. at 1693.  See also McMillan v. Pennsylvania, 477 U.S. 79, 87, 91 L.Ed.2d 67, 106 S.Ct. 2411 (1986) ("the Due Process Clause precludes States from discarding the presumption of innocence.")

Likewise, in People v. King, 1 Ill. 2d 496, 500, 116 N.E.2d 623 (1953), our supreme court noted that "[a]fter a plea of guilty, a prisoner stands before the court as a convicted criminal, and the presumptions of innocence which the law indulges on a not-guilty plea no longer exist."  However, the

court did not consider whether a defendant's presumption of innocence is violated if the trial court reconsiders its prior decision to grant his motion to withdraw a guilty plea.

Estelle, McMillan, and King espouse only a general principal of law that a defendant's presumption of innocence is a basic component of a fair trial under our system of criminal justice. None of the cases stands for the proposition that a defendant's presumption of innocence is violated if a trial court is allowed to reconsider an order granting a motion to withdraw a guilty plea or an order granting a new trial.

We find the trial court did not err in reconsidering and vacating its decision to grant defendant's motion to withdraw his guilty plea. See Mink, 141 Ill. 2d at 171.

II. Other Issues

Defendant contends the trial court failed to comply with Rule 402 in the May 17, 2004, proceedings, and failed to ensure defendant's 2004 guilty plea was voluntary. Defendant also contends he was deprived of effective assistance of counsel when his defense counsel successfully vacated his 1998 plea but then allowed him to involuntarily enter a guilty plea in 2004.

We remanded the case to the trial court with directions to admonish defendant in accordance with Rule 605(b) (188 Ill. 2d R. 605(b)), and to allow defendant to file a motion to withdraw his

guilty plea if he so desired.  <u>People v. Bryant</u>, No. 1-01-3013 (2003) (unpublished order under Supreme Court Rule 23).  " 'The purpose of the Rule 605 admonishments is to ensure a defendant is aware of the requirements of Supreme Court Rule 604(d) [citation omitted], which set forth the deadlines and requirement for appeals from sentences imposed upon a plea of guilty.' " <u>People v. Dixon</u>, 366 Ill. App. 3d 848, 856, 853 N.E.2d 1235 (2006).

In an apparent misunderstanding of our directions on remand, the trial court needlessly admonished defendant pursuant to Rule 402.  While the Rule 402 admonishments unnecessarily complicated the record, they did not result in defendant entering into a new plea.  After the trial court vacated its order for a new trial, the 1998 plea was properly reinstated.  See <u>Mink</u>, 141 Ill. 2d at 171.  The trial court's Rule 402 and Rule 605(b) admonishments were related to his 1998 plea, not a new and distinct plea as defendant contends.  Our conclusion is supported by the fact that neither the trial court nor the parties proceeded as if defendant had entered a new plea.  For example, no sentence was imposed.  Instead, the parties and the court properly focused on whether defendant's motion to withdraw his 1998 guilty plea should be granted.

Because we find the trial court did not err in reconsidering and vacating its decision to grant defendant's motion to withdraw

his 1998 guilty plea, we reject defendant's contention that he was forced into a new guilty plea in 2004. There was no new guilty plea in 2004. Accordingly, we reject defendant's remaining contentions on appeal.

CONCLUSION

We affirm the trial court's judgment.

Affirmed.

HOFFMAN, and SOUTH, JJ., concur.