No. 2--05--1096          Filed: 7-27-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 88--CF--392 |
| RONNIE W. CARROLL, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Defendant, Ronnie W. Carroll, appeals the dismissal of his petition for relief from judgment brought under section 2--1401 of the Civil Practice Law (735 ILCS 5/2--1401 (West 2004)). Pursuant to a guilty plea, defendant stands convicted of, inter alia, armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18--2) and is serving a 55-year term of imprisonment. Defendant was sentenced to an extended term because the trial court found that the offense was accompanied by "exceptionally brutal and heinous behavior clearly indicative of wanton cruelty" (see Ill. Rev. Stat. 1987, ch. 38, par. 1005--5--3.2). On August 11, 1988, defendant filed a motion to vacate his guilty plea and reconsider his sentence. That motion was denied. Defendant appealed, raising only an issue that pertained to sentencing, and we affirmed. See People v. Carroll, 195 Ill. App. 3d 445 (1990).

The petition that led to the instant appeal was filed on November 8, 2004. Defendant had previously filed four postconviction petitions. See 725 ILCS 5/122--1 et seq. (West 2000). In some

of these petitions, defendant raised the issue of his attorney's failure to file a Supreme Court Rule 604(d) certificate (see 188 Ill. 2d R. 604(d)) during the proceedings on defendant's motion to withdraw his guilty plea. Defendant again raises that issue here. As this issue both was and could have been raised earlier, principles such as res judicata, waiver, and limitations periods would seem to bar its reassertion here. Defendant attempts to avoid such hurdles by stylizing the present attack as one upon the validity of the trial court's judgment. Defendant asserts that the trial court's order denying his August 11, 1988, motion to withdraw his guilty plea is void and therefore subject to collateral attack at any time. See People v. Thompson, 209 Ill. 2d 19, 25 (2004).

At issue in this appeal, then, is whether an attorney's failure to file a Rule 604(d) certificate renders any subsequent order by a trial court void or merely voidable. If the former, as defendant asserts, the two-year limitations period contained in section 2--1401 of the Civil Practice Law (735 ILCS 5/2--1401(c) (West 2004)) does not apply. People v. Ryburn, 362 Ill. App. 3d 870, 874 (2005). If the latter, this action is time barred. See People v. Raczkowski, 359 Ill. App. 3d 494, 496-97 (2005).

Defendant cites several cases containing language that would seem to indicate that the failure of an attorney to file a Rule 604(d) certificate renders void a subsequent judgment on a motion to withdraw a guilty plea. For example, in People v. Houle, 257 Ill. App. 3d 721, 727 (1994), the court stated that compliance with "certification is a condition precedent to a hearing on the motion." See also People v. Dickerson, 212 Ill. App. 3d 168, 171 (1991) ("Accordingly, we hold that where defendant has not waived counsel, the filing of the defense attorney's Rule 604(d) certificate is a condition precedent to a hearing on defendant's motion to withdraw his plea of guilty and to vacate the judgment"). The words "condition precedent" suggest that until the specified requirement is

satisfied, a hearing may not proceed. If, indeed, a hearing may not proceed, a trial court lacks the authority to hold one.

On the other hand, the Fourth District of this appellate court has considered the precise question we are confronted with. It concluded as follows:

"A trial court that proceeds with a hearing on a motion to withdraw a guilty plea without confirming that counsel filed a Rule 604(d) certificate proceeds in error. [Citation.] This does not render the ruling on the motion void." People v. Petty, 366 Ill. App. 3d 1170, 1177 (2006).

Thus, the one court to have passed expressly on the issue determined that the failure of an attorney to file a Rule 604(d) certificate renders a subsequent ruling voidable rather than void.

Defendant asserts that the Petty court was simply wrong. First, defendant contends that the trial court's ruling was void instead of voidable because "a trial court has no statutory or case law authority to hold a hearing on such a motion in the absence of a [Rule] 604(d) certificate." We question the principle that there must be some statutory or case law basis for a court's actions. It is true that an administrative agency or a court of limited jurisdiction may act only in accordance with the authority conferred on it by statute. Pickering v. Human Rights Comm'n, 146 Ill. App. 3d 340, 352 (1986). However, the trial courts of this state are courts of general jurisdiction and "have original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, §9. Their jurisdiction is derived from the constitution. People ex rel. Graf v. Village of Lake Bluff, 206 Ill. 2d 541, 553 (2003). The supreme court has explained that a justiciable matter is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." Belleville Toyota, Inc. v. Toyota

Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 335 (2002). Whether defendant should be allowed to withdraw his guilty plea fits within this definition. Further, "[o]nce a justiciable matter is properly submitted, a court has the power to decide rightly or wrongly the issues properly before it." People ex rel. Graf, 206 Ill. 2d at 554. Accordingly, defendant's contention that nothing gave the court authority to proceed is incorrect; the constitution did. While the manner in which the court proceeded may have constituted error, it did not deprive the court of the authority to rule on defendant's motion.

Defendant relies heavily on the "condition precedent" language that can be found in several cases that discuss Rule 604(d) issues. See, e.g., Houle, 257 Ill. App. 3d at 727. In People v. Flowers, 208 Ill. 2d 291, 300 (2003), the supreme court used this exact language while explaining that the jurisdiction of the appellate court was unaffected by noncompliance with Rule 604(d):

> "The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty. People v. Wilk, 124 Ill. 2d 93, 105 (1988). The discovery that a defendant has failed to file a timely [Rule] 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal. In re William M., 206 Ill. 2d 595, 601 (2003). As a general rule, however, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal (People v. Jamison, 181 Ill. 2d 24, 28-29 (1998)), leaving the Post-Conviction Hearing Act as the defendant's only recourse (People v. Foster, 171 Ill. 2d 469 (1996))." Flowers, 208 Ill. 2d at 300-01.

Hence, Flowers makes it clear that a "condition precedent" is not necessarily a jurisdictional condition precedent.

Additional confirmation that the lack of a Rule 604(d) certificate does not affect a court's authority can also be seen in the history of the rule. Prior to the supreme court's decision in Wilk, 124 Ill. 2d 93, courts routinely applied a harmless-error analysis when defense counsel neglected to file a Rule 604(d) certificate. See, e.g., People v. Lyell, 109 Ill. App. 3d 819, 822 (1982) ("Thus, although we do not condone careless trial practice by counsel or court, we hold that the failure to adhere strictly to the formalities of [Rule] 604(d) in this case was harmless error"); People v. Hopson, 101 Ill. App. 3d 564, 574-75 (1981) ("Although we do not approve of counsel's failure to file the certificate, Illinois courts have held that strict compliance with the filing provision of [Rule] 604(d) is not necessary where the record reveals that counsel has performed all the functions required by the Rule. [Citations.] In such a case, the failure to file the certificate will be viewed as harmless error"). Since the lack of jurisdiction "deprives the trial court of all power except to dismiss the action" (Brandon v. Bonell, 368 Ill. App. 3d 492, 502 (2006)), conducting a harmless-error analysis is incompatible with the requirements of Rule 604(d) being jurisdictional.

Further, Illinois courts no longer engage in a harmless-error analysis regarding Rule 604(d), for, in Wilk, 124 Ill. 2d at 103-04, the supreme court held that strict compliance with Rule 604(d) is required. In support of its decision, it cited numerous policy concerns:

"In short, Rule 604(d) has a purpose. That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and dehors the record, but nevertheless were unwittingly

given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review." Wilk, 124 Ill. 2d at 104.

Essentially, Rule 604(d) exists to facilitate the review of a trial court's actions, channeling the proceedings to the place where they can be most effectively addressed. Notably, in departing from the former rule of substantial compliance, the supreme court did not base its decision on the inherent authority of the courts and instead appeared concerned primarily with judicial efficiency and the efficacy of review in general.

Further, a limited version of the substantial compliance rule survived Wilk. In People v. Shirley, 181 Ill. 2d 359 (1998), the supreme court was confronted with the situation where the defendant, having previously secured a remand due to noncompliance with Rule 604(d), appealed a second time, alleging that same error. The court wrote, "If this standard of strict compliance is not met, the remedy is a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion. However, once this remedy is granted, there is no further requirement under Rule 604(d) that successive remands and rehearings will be ordered." Shirley, 181 Ill. 2d at 371. In ruling, the court considered the equities of the situation: "the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, [and] we see limited value in requiring a repeat of the exercise, absent a good reason to do so." Shirley, 181 Ill. 2d at 369. If, in fact, lack

of compliance with Rule 604(d) created a jurisdictional defect, compliance with the rule could not be relaxed on a subsequent appeal, due to the equities of the situation or otherwise.

In sum, it is amply indicated that the failure of counsel to file a Rule 604(d) certificate does not deprive the trial court of the authority to proceed on a motion to withdraw a guilty plea. Petty, 366 Ill. App. 3d 1170, says so. The supreme court has explained that a "condition precedent," at least as the term is used with respect to Rule 604(d), is not a jurisdictional bar. Such omissions were, at one time, subject to a harmless-error analysis. Accordingly, we are compelled to reject defendant's assertion that the failure to file a Rule 604(d) certificate renders an ensuing judgment void. Instead, this failure rendered the judgment voidable and thus subject to attack on direct appeal only (In re Dyess, 62 Ill. App. 3d 571, 576 (1978)). Since it was only voidable, this action is time barred. Raczkowski, 359 Ill. App. 3d at 496-97.

In light of the foregoing, the order of the circuit court of Lake County dismissing defendant's petition for relief from judgment is affirmed.

Affirmed.

McLAREN and ZENOFF, JJ., concur.