No. 2--05--0880          Filed: 6-25-07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--99 |
| KEVIN R. STRAWDER, | ) ) ) | Honorable John T. Phillips, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the opinion of the court:

In June 2005, defendant entered a nonnegotiated guilty plea to a single count each of possession of a controlled substance (720 ILCS 570/401(c)(2) (West 2004)) and disarming a peace officer (720 ILCS 5/31--1a (West 2004)). The trial court sentenced defendant to 8½ years' imprisonment on each conviction, with the sentences to run concurrently. Defendant filed separate motions to withdraw his guilty plea and for reconsideration of his sentence. The trial court denied defendant's motion to withdraw his plea, but it reduced his sentence for disarming a peace officer to seven years. Defendant timely appeals and contends that this cause must be remanded for new postplea proceedings because his attorney did not strictly comply with the requirements of Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). We reverse in part and remand with instructions.

Rule 604(d) provides that, when a defendant moves to withdraw his or her guilty plea, or moves for reconsideration of his or her sentence, the defendant's attorney must "file with the trial

court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 210 Ill. 2d R. 604(d). Strict compliance with Rule 604(d) is required, and when an attorney fails to comply with the certificate requirement, the remedy is to reverse the denial of the postjudgment motion and remand the cause to the circuit court for the filing of a new motion to withdraw guilty plea or reconsider sentence and a new hearing on the motion. People v. Janes, 158 Ill. 2d 27, 33 (1994).

Defendant maintains that his attorney failed to comply with Rule 604(d) because the certificate did not indicate that his attorney had examined the trial court file. The State concedes that counsel's Rule 604(d) certificate was inadequate and that the case must be remanded. According to the State, however, counsel's failure to comply with Rule 604(d) nullified the reduction of defendant's sentence for disarming a peace officer. In the State's view, defendant's prison sentence for that offense stands at its original length of 8½ years.

The State relies on language from this court's decision in People v. Porter, 258 Ill. App. 3d 200 (1994). In Porter, the defendant moved to vacate his plea for first degree murder. Porter, 258 Ill. App. 3d at 201. Because the defendant's attorney had not filed a proper Rule 604(d) certificate, this court reversed the denial of the motion and remanded for further proceedings. Porter, 258 Ill. App. 3d at 201. On remand, no new hearing of substance was conducted on the defendant's motion. Instead, the trial court relied on the matters brought forth in the original hearing on the motion. Porter, 258 Ill. App. 3d at 202. This court held that it was error to do so. Porter, 258 Ill. App. 3d

at 203. We reasoned that, "[s]ince the well-established rule is that the filing of the certificate is a condition precedent to a hearing on the motion to withdraw the plea and vacate the judgment, the prior hearing is a nullity as it was tainted by the failure to follow the certification procedure." (Emphasis added.) Porter, 258 Ill. App. 3d at 203-04. The State argues that in this case, the hearing on defendant's postplea motions was similarly a "nullity" and that, therefore, the order reducing one of defendant's sentences was of no effect. We disagree. In Porter we had no occasion to consider whether an attorney's failure to comply with Rule 604(d) nullifies a ruling favorable to the defendant; the sole question before this court was whether the trial court erred in failing to conduct a new hearing on remand. Porter, 258 Ill. App. 3d at 201. Considered in context, we do not read Porter's holding that the original hearing was a "nullity" to mean that an order granting relief to the defendant is completely ineffectual.

Instead, we believe the Fourth District's opinion in People v. Petty, 366 Ill. App. 3d 1170 (2006), a decision discussed by both parties in the present case, controls here. In Petty, the defendant entered a guilty plea as part of an agreement with the State that placed a cap on the sentence he could receive. Petty, 366 Ill. App. 3d at 1171. The defendant successfully moved to withdraw his plea, but later entered into a second plea agreement with the State on terms less favorable than the original agreement. Petty, 366 Ill. App. 3d at 1172. The defendant subsequently filed a postconviction petition. Petty, 366 Ill. App. 3d at 1173. On appeal from the denial of the petition, the defendant argued that, because his attorney had failed to file a Rule 604(d) certificate, the withdrawal of his guilty plea was void. Petty, 366 Ill. App. 3d at 1175. The Petty court rejected the argument:

" 'A void judgment is one entered by a court that lacks the power to make or enter a particular order.' [Citation.] A voidable order is 'one entered erroneously by a court having jurisdiction.' [Citation.]

A trial court that proceeds with a hearing on a motion to withdraw a guilty plea without confirming that counsel filed a Rule 604(d) certificate proceeds in error. [Citation.] This does not render the ruling on the motion void. If the court denies the motion to withdraw, the cause must be remanded for the filing of a new motion and for a new hearing on the motion. [Citation.] However, if the court grants the motion, it is immaterial whether counsel filed a Rule 604(d) certificate because the defendant received the relief requested." Petty, 366 Ill. App. 3d at 1177.

Here, defendant did not receive the relief requested on his motion to withdraw his guilty plea. Therefore, the ruling on that motion must be reversed and the cause must be remanded for a new motion and a new hearing. See Janes, 158 Ill. 2d at 33. Defendant did obtain a measure of relief on his motion to reconsider his sentence, in that the trial court reduced defendant's 8½-year sentence for his conviction of disarming a peace officer to 7 years. If defendant is satisfied with the relief obtained, the order on that motion may stand despite the absence of a proper Rule 604(d) certificate. See Petty, 366 Ill. App. 3d at 1177. Defendant is entitled, however, to file a new motion to reconsider his sentence. See Janes, 158 Ill. 2d at 33. If he elects to do so, the trial court must vacate its order reducing defendant's sentence and hold a hearing on defendant's new motion. See Janes, 158 Ill. 2d at 33.

For the foregoing reasons, we reverse the denial of defendant's motion to withdraw his guilty plea and remand to the trial court for further proceedings in accordance with this opinion.

Reversed in part and remanded with instructions.

GROMETER, P.J., and O'MALLEY, J., concur.