# Illinois Official Reports

## Appellate Court

*People v. Bernard*, 2014 IL App (2d) 130924

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALIA BERNARD, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0924 |
| Filed<br>Modified upon denial<br>of rehearing | December 10, 2014<br><br>February 10, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to the appellate court's authority under Supreme Court Rule 366(a)(5), which allows the appellate court to make any other or further orders and grant any relief, including remandment, that the case may require, the appellate court, in view of the trial court's entry of an order that is obviously based on a confused and incorrect understanding of the status of the instant case, vacated the trial court's order denying defendant's motion to withdraw her guilty plea and dismiss charges of aggravated driving under the influence and to reconsider her sentence and remanded the cause for a new hearing in the trial court, with the case returned to the trial court as it existed when defendant was initially sentenced; further, defendant shall be granted reasonable time to file a new motion to withdraw her guilty plea and/or reconsider her sentence if counsel concludes that a new motion is necessary in order to include issues and/or prayers for relief in light of this posture, and also, counsel shall file a new certificate pursuant to Supreme Court Rule 604(d). |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CF-1253; the Hon. Allen M. Anderson and the Hon. M. Karen Simpson, Judges, presiding. |

| Judgment | Vacated and remanded with directions. |
| --- | --- |

| Counsel on Appeal | Michelle L. Moore and Michael John Sweeney, both of Law Offices of Michelle L. Moore & Kim DiGiovanni, and Donald J. Ramsell, of Ramsell & Associates, both of Wheaton, for appellant. |
| --- | --- |
| | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. |
| --- | --- |
| | Justices Burke and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Alia Bernard, appeals from the trial court's denial of her motions to withdraw her guilty plea and reconsider her sentence. We vacate and remand for further proceedings.

¶ 2    I. BACKGROUND

¶ 3    Defendant was charged with two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2008)) and one count of driving under the influence (any amount of cannabis) (625 ILCS 5/11-501(a)(6) (West 2008)), arising out of a May 24, 2009, motor vehicle collision that resulted in the deaths of Wade and Denise Thomas. The grand jury indictments lodging these charges were returned in May 2010. Defendant posted bond on May 20, 2010.

¶ 4    After the trial court denied various pretrial motions in March 2011, the case was continued for trial to June 13, 2011. However, on May 17, 2011, the grand jury returned a five-count "Re-Indictment" that charged, in addition to the three counts in the original indictment, two counts of aggravated driving under the influence (aggravated DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2008)) (counts I and II).[1] The trial date was stricken, and the matter was continued for defendant to file any motions relating to the new indictment. Defendant filed a motion to find the aggravated DUI statute unconstitutional, which the trial court denied on October 28, 2011.

¶ 5    On December 9, 2011, defendant entered "unconditional (COLD)" pleas of guilty to the two counts of aggravated DUI. The State nol-prossed the remaining charges. On February 8, 2012, following a sentencing hearing, the trial court, Judge Allen M. Anderson presiding, sentenced defendant to concurrent terms of seven years in the Department of Corrections. On

---

[1]We note that, while both counts I and II initially alleged violations of "Section 5/11-501(d)(1)(F)," the "(d)(1)(F)" was scratched out and a handwritten "a" was inserted.

February 15, 2012, defendant filed a timely motion to reduce the sentence, praying the court to either: (1) find that "extraordinary circumstances exist and impose a period of probation"; (2) recommend that defendant be placed in the impact incarceration program; or (3) reduce her sentence to six years.

¶ 6    On March 22, 2012, attorney Michelle Moore entered her appearance as additional counsel for defendant.[2] On June 22, Moore filed a motion to withdraw the plea and dismiss the aggravated DUI charges, raising issues of compulsory joinder, speedy trial, and ineffective assistance of counsel. The trial court continued the case for a hearing on both motions. On August 15, 2012, the trial court denied the motion to withdraw the plea, stating: "one, I don't think that it was timely, [two] if it were timely I do not believe that the argument raised is sufficient to cause the plea of guilty to be withdrawn, at least under the arguments that I've heard so far." After additional argument on defendant's motion to reduce the sentence, the trial court reduced the sentence to six years in the Department of Corrections, the minimum sentence allowed. Defendant timely appealed from the August 15 order, specifying both the denial of her motion to withdraw the plea and "the Court's Failure to Exercise Discretion at Sentencing, and Entry of an Order Granting in Part and Denying in Part Defendant's Motion to Reconsider Sentence."

¶ 7    In this court, defendant filed a motion for an immediate remand, noting that a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) had not been filed; as strict compliance with Rule 604(d) is required, defendant requested an immediate remand for Rule 604(d) compliance with leave to refile a notice of appeal. This court entered an order granting the motion and remanding the cause to the trial court for Rule 604(d) compliance. *People v. Bernard*, No. 2-12-0928 (Feb. 22, 2013) (minute order).

¶ 8    On May 10, 2013, defendant filed an "AMENDED MOTION TO WITHDRAW PLEA AND DISMISS AGGRAVATED DRIVING UNDER THE INFLUENCE CHARGES AND TO RECONSIDER SENTENCE, PURSUANT TO REMAND." Defendant's arguments regarding withdrawing the plea were the same as in her original motion, with the addition of citations to recent case law. Counsel also filed a Rule 604(d) certificate. The trial court, Judge M. Karen Simpson now presiding, denied the motion on August 21, 2013. The court recounted the procedural history of the case up to the filing of the original motion to withdraw the plea. The court then found that it "lacks jurisdiction with respect to the Motion to Withdraw the Plea of Guilty, and I further note that the Defendant failed to seek any extension of time for filing the Motion to Withdraw the Plea of Guilty." The court then addressed the issues of speedy trial, compulsory joinder, and ineffective assistance and concluded that "the issue with respect to the dismissing the charges because of the compulsory joinder speedy trial issue, that is denied." Finally, the court denied the motion to reconsider the sentence, stating:

> "I did have an opportunity to review and read the transcript from the Sentencing Hearing and then I note that when the matter did come back before Judge Anderson, when this request was made previously, Judge Anderson did, in fact, reconsider and in fact changed the Defendant's sentence. I don't see that there's anything new that has been presented to this Court in this regard, so the Motion is denied."

This appeal followed.

---

[2]Defendant's original attorney subsequently moved to withdraw.

¶ 9                                    II. ANALYSIS

¶ 10        Our supreme court has held that the appropriate remedy for defense counsel's failure to file a Rule 604(d) certificate is:

> "a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

It is axiomatic that, when this court remands a cause for the filing of a new motion (if necessary) and a hearing on a new motion, the order that is the subject of the appeal is vacated. An order that is left intact does not require a remand for further proceedings. A vacated judgment is nullified, canceled, and void. *In re K.S.*, 365 Ill. App. 3d 566, 577 (2006). Thus, the trial court's August 15, 2012, order denying defendant's motion to withdraw the guilty plea and granting in part the motion to reconsider the sentence was vacated when this court issued its summary remand on February 22, 2013. It is also axiomatic that amended pleadings supersede prior pleadings. See *People v. Cross*, 144 Ill. App. 3d 409, 412 (1986) ("[A]s a general rule, an amendment which is complete in itself and which makes no reference to the prior pleading supersedes it, and the original pleading ceases to be a part of the record, being in effect abandoned or withdrawn."). Defense counsel apparently concluded "that a new motion is necessary" (*Lindsay*, 239 Ill. 2d at 531) and clearly took advantage of the opportunity to file a new motion, to both withdraw the guilty plea and reconsider the sentence. Thus, defendant's prior motions to withdraw the plea and reconsider the sentence were superseded by her combined motion after remand.

¶ 11        However, the trial court and the State appeared to be confused as to the status of defendant's prior motions and the trial court's order disposing of them. In both its written response to defendant's combined motion and at oral argument on the motion, the State contended that the court lacked jurisdiction to hear the motion to withdraw the plea, because defendant did not timely file her original motion to withdraw the plea. On remand, in ruling on defendant's motion to withdraw the plea, the trial court found that it lacked "jurisdiction with respect to the Motion to Withdraw the Plea of Guilty, and I further note that the Defendant failed to seek any extension of time for filing the Motion to Withdraw the Plea of Guilty." This, again, clearly referenced the original motion to withdraw the plea.

¶ 12        Further, in addressing defendant's argument regarding her sentence, the trial court stated that, "when this request was made previously, Judge Anderson did, in fact, reconsider and in fact changed the Defendant's sentence. I don't see that there's anything new that has been presented to this Court in this regard, so the Motion is denied." While the trial court denied relief under defendant's post-remand motion, the court did so based on Judge Anderson's prior ruling reducing defendant's sentence to concurrent six-year terms. However, Judge Anderson's ruling had been vacated by this court's February 22, 2013, remand order.

¶ 13        We note that defendant does not raise the issue of the trial court's confused ruling on her post-remand motions. Other than for assessing subject matter jurisdiction, this court will not normally search the record for unargued and unbriefed reasons to reverse a trial court. See *People v. Givens*, 237 Ill. 2d 311, 323 (2010). Courts are to " 'wait for cases to come to us, and when they do we normally decide only questions presented by the parties.' " (Internal quotation marks omitted.) *Id*. at 324 (quoting *Greenlaw v. United States*, 554 U.S. 237, 244

(2008)). However, under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), this court "may, in its discretion, and on such terms as it deems just, *** make any other and further orders and grant any relief, including a remandment, *** that the case may require." We have no confidence in a decision that is so obviously based on a confused and incorrect understanding of the status of the case.

¶ 14 We must vacate the trial court's order of August 21, 2013, and remand the cause for a new hearing on defendant's May 10, 2013, amended motion. In light of the prior confusion in this case, we remind both the trial court and the parties that, as we have previously vacated the trial court's August 15, 2012, order, the trial court's reduction of defendant's sentence contained in that order is "nullified, canceled, and void." See *In re K.S.*, 365 Ill. App. 3d at 577. Thus, defendant's sentence stands at the original seven years, not the reconsidered six years, in the Department of Corrections. As defense counsel has already filed a Rule 604(d) certificate and a new motion following our February 2013 remand, all that remains to be done, pursuant to *Lindsay*, is to hold a new hearing on defendant's amended motion. Of course, defendant is free to seek leave to file another amended motion if she determines that further amendment would be beneficial in light of this opinion, and the court has the discretion to grant or deny such leave. See *In re Tyrese J.*, 376 Ill. App. 3d 689, 702 (2007) ("The circuit court has broad discretion in motions to amend pleadings prior to entry of final judgment ***.").

¶ 15                                  III. CONCLUSION
¶ 16 The judgment of the circuit court of Kane County is vacated, and the cause is remanded for further proceedings in accordance with this opinion.

¶ 17 Vacated and remanded with directions.