2021 IL App (2d) 200379
No. 2-20-0379
Opinion filed December 1, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-2433 |
| ROBERT E. MERRIWEATHER, | ) ) | Honorable Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice McLaren concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Robert E. Merriweather, entered a nonnegotiated guilty plea to a single count of unlawful possession of a controlled substance with intent to deliver 1 gram or more but less than 15 grams of heroin (720 ILCS 570/401(c)(1) (West 2018)). The trial court agreed with the State that the court should treat defendant's federal convictions as equivalent to at least Class 2 felonies, and thus as predicate felonies for Class X sentencing. In that light, the court imposed a sentence of 8½ years' imprisonment. Defense counsel timely filed a motion to reconsider the sentence but did not file a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The court granted the motion in part, reducing the sentence to eight years. In this appeal, defendant seeks a remand for compliance with Rule 604(d). The State agrees that such a remand is required.

However, defendant also asks us to (1) instruct the trial court that he is not subject to Class X sentencing and (2) remand the cause without vacating his eight-year sentence, to ensure that he is not penalized for enforcing his rights under Rule 604(d). We conclude that this appeal is limited to ensuring compliance with Rule 604(d), and thus we decline to address the propriety of the Class X sentencing. However, we conclude that, consistent with our holding in *People v. Strawder*, 374 Ill. App. 3d 338 (2007), we need not vacate the sentencing reduction to give defendant appropriate relief. Therefore, we leave defendant's sentence in place while remanding the cause for compliance with Rule 604(d).

¶ 2                                    I. BACKGROUND

¶ 3      In March 2019, a grand jury returned a two-count indictment against defendant. Count I charged defendant with possession with intent to deliver 1 or more but less than 15 grams of heroin, a Class 1 felony. Count II charged him with possession of heroin (720 ILCS 570/402(c) (West 2018)), a Class 4 felony. Additionally, the indictment alleged that defendant was subject to Class X sentencing based on his prior criminal history.

¶ 4      On January 13, 2020, the parties had a conference with the trial court pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012). Following the conference, the State announced that the parties had reached an agreement under which defendant would plead guilty to count I of the indictment in exchange for a sentence of eight years' imprisonment followed by a three-year term of mandatory supervised release. The State asserted that defendant was subject to mandatory Class X sentencing (730 ILCS 5/5-4.5-95(b) (West 2020) based on a 1983 Indiana burglary conviction and two 2003 federal convictions of drug distribution. The State suggested, but was not certain, that the federal convictions were equivalent to Class 1 felonies under Illinois law. The trial court continued the matter for the State to do further research on the issue. When the court reconvened,

the parties announced that they no longer had a plea agreement and that defendant would enter an open plea to count I. After appropriately admonishing defendant, the court accepted his plea of guilty.

¶ 5    At the sentencing hearing, the State clarified defendant's criminal history to support its claim that he was subject to mandatory Class X sentencing. The State noted that, in 2003, defendant had pled guilty to two counts of use of a communication facility to distribute a cocaine base (facilitation of distribution) (21 U.S.C. § 843(b) (2000)). The assistant United States attorney who had prosecuted defendant's federal case testified to explain the federal convictions. He agreed that, to support a conviction of facilitation of distribution, "there had to be some showing that there was some narcotics either distributed and/or possessed with the intent to distribute."

¶ 6    The trial court found that defendant was eligible for mandatory Class X sentencing based on the Indiana burglary conviction and the federal convictions of facilitation of distribution. The court agreed with the State that facilitation of distribution contained elements similar to unlawful delivery of a controlled substance or possession with intent to deliver a controlled substance, which were at least Class 2 felonies under Illinois law. Accordingly, the court sentenced defendant to 8½ years' imprisonment.

¶ 7    Defendant moved for reconsideration of his sentence, asserting that (1) the court erred in deeming his federal convictions as predicate felonies for mandatory Class X sentencing, (2) the court erred in imposing a sentence six months longer than the recommended sentence it found acceptable at the Rule 402 conference (see Ill. S. Ct. R. 402 (eff. July 1, 2012)), and (3) his sentence was excessive under the relevant factors. Counsel did not file a Rule 604(d) certificate. The court rejected defendant's argument that Class X sentencing was inappropriate, but it nevertheless reduced defendant's sentence to eight years' imprisonment. Defendant timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9      On appeal, defendant contends that, because defense counsel failed to file a Rule 604(d) certificate in conjunction with the motion to reconsider the sentence, we must remand the matter for new postplea proceedings. He further asks that we decline to vacate the partial grant of his motion to reconsider the sentence, so that the sentence reduction will stand unless, upon remand, he pursues another motion to reduce the sentence or a motion to withdraw the plea. Thus, he contends that his sentence reduction should be vacated only in the trial court and then only if he seeks further relief. He cites *Strawder* as authority for our "leav[ing] intact the trial court's ruling on his motion to reconsider sentence, allowing [him] to determine on remand what motion or motions he should file." He says:

> "It makes sense, when a post-plea motion filed by a defendant has been denied ***[,] for the reviewing court to vacate the denial of relief and give the defendant the opportunity to relitigate that motion. The same considerations are not at play, however, where a defendant has obtained relief on a post-plea motion. Here, [the court] granted [defendant] some sentencing relief at the post-plea hearing, although perhaps not to the extent [he] hoped. As a result, he may wish to re-litigate the sentencing issues on remand, in which event it would then be appropriate for the judge to vacate her earlier ruling on his motion. [Defendant] may also decide, however, that he does not want to relitigate that motion and instead wants to file only a motion to withdraw his plea, standing on the sentencing relief he was granted. Since which option or options to exercise are 'entirely up to him,' it would be inappropriate to vacate on appeal a ruling that was favorable to him, thereby not only depriving him of the benefit of that ruling, but forcing him to relitigate a motion on which he is satisfied with the result."

¶ 10    Defendant further argues that the trial court erred in deeming his federal convictions equivalent to Class 2 or greater felonies. He asks that, in remanding the cause, we instruct the court that those prior convictions are not a basis for Class X sentencing.

¶ 11    The State, in response, agrees that the cause must be remanded for Rule 604(d) compliance. Next, citing *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 15, it contends that, because the cause must be remanded for such compliance, we should not decide whether defendant was subject to mandatory Class X sentencing. Alternatively, it argues that the trial court correctly determined that Class X sentencing was mandatory. Finally, the State argues that *Strawder* is distinguishable because, though in that case we left the defendant's sentence reduction in place, we reversed—for Rule 604(d) noncompliance—the denial of his motion to withdraw his plea. See *Strawder*, 374 Ill. App. 3d at 340-41. By contrast, the State notes, defendant would have us enforce Rule 604(d) here while leaving the underlying judgment entirely intact. The State claims that such relief would be illogical, citing *People v. Bernard*, 2014 IL App (2d) 130924, ¶ 10.

¶ 12    In reply, defendant argues that the vacatur of his sentence reduction would penalize him for his attorney's error in failing to comply with Rule 604(d). Defendant notes that he might choose on remand to file only a motion to withdraw the plea and that such motion might not succeed, which would leave his original sentence in place. He further argues that *Bernard* is distinguishable based on the factual context of its holding.

¶ 13    Rule 604(d) states, in relevant part:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. ***
>
> ***

*** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 14    Here, counsel did not file the required certificate. "[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Thus, a remand is necessary. The remaining issues are whether we should (1) address the classification of defendant's federal convictions and (2) vacate the sentence reduction along with remanding the case.

¶ 15    We decline to grant defendant's request that we rule on the substantive sentencing issue. To do so would be premature given that defendant has not yet had the opportunity to file a proper postsentencing motion. In the past, we have sometimes said that filing a Rule 604(d) certificate is a condition precedent to a hearing on a postplea motion such that its absence renders the ruling on the motion a nullity—even void. See, *e.g.*, *People v. Carroll*, 375 Ill. App. 3d 162, 163 (2007) (collecting cases). We need not accept the full implications of that analysis to conclude that a postplea motion filed without a Rule 604(d) certificate is not a proper predicate under Rule 604(d) for an appeal after a guilty plea. If we address the proper classification of defendant's federal convictions, we effectively treat this appeal as a full appeal on the merits. That treatment is appropriate only if we assume that the sentencing issue was properly developed in the trial court.

This assumption is not consistent with a remand to require a Rule 604(d) certificate. Therefore, we do not address the proper classification of defendant's federal convictions.

¶ 16    On the remaining issue, defendant argues that, under *Strawder*, we may let stand the favorable ruling on his motion for reconsideration of his sentence. In *Strawder*, the defendant entered a nonnegotiated guilty plea to two charges. *Strawder*, 374 Ill. App. 3d at 338. He later filed separate motions to withdraw his guilty plea and to reconsider his sentence. *Id.* The trial court denied his motion to withdraw the plea but reduced the sentence on one of the convictions. *Id.* On appeal, we held that, because counsel's Rule 604(d) certificate was deficient, it was necessary to reverse the ruling on the motion to withdraw the guilty plea and remand "for a new motion and a new hearing." *Id.* at 340. However, we did not disturb the ruling on the motion to reconsider his sentence:

> "Defendant did obtain a measure of relief on his motion to reconsider his sentence, in that the trial court reduced defendant's 8½-year sentence for his conviction of disarming a peace officer to 7 years. If defendant is satisfied with the relief obtained, the order on that motion may stand despite the absence of a proper Rule 604(d) certificate. [Citation.] Defendant is entitled, however, to file a new motion to reconsider his sentence. [Citation.] If he elects to do so, the trial court must vacate its order reducing defendant's sentence and hold a hearing on defendant's new motion." *Id.* at 340-41.

¶ 17    The State argues that, in distinction to *Strawder*, defendant appeals from a single order—the partial grant of his motion to reconsider his sentence. The State suggests that to let the sentence reduction stand would be inconsistent with our holding in *Bernard*. In *Bernard*, the defendant entered an unconditional guilty plea to two charges and was sentenced. *Bernard*, 2014 IL App (2d) 130924, ¶ 5. Later, he moved for reduction of his sentence. *Id.* After retaining new counsel, the

defendant also filed a motion to withdraw his plea. *Id.* ¶ 6. The defendant filed no Rule 604(d) certificate in conjunction with either motion. *Id.* ¶ 7. The trial court reduced the defendant's sentence, but it denied the motion to withdraw the plea. *Id.* ¶ 6. The defendant appealed both orders. *Id.* In the appellate court, the defendant "requested an immediate remand for Rule 604(d) compliance with leave to refile a notice of appeal." *Id.* ¶ 7. We "entered an order granting the motion and remanding the cause to the trial court for Rule 604(d) compliance." *Id.* On remand, counsel filed an "amended" motion to withdraw the plea or reconsider the sentence; counsel filed a Rule 604(d) certificate in conjunction with that motion. *Id.* ¶ 8. The trial court (1) ruled that it lacked jurisdiction to address the motion to withdraw the plea and (2) denied the motion to reconsider the sentence, noting that it had previously addressed such a motion and that no new matter had been presented. *Id.*

¶ 18    The defendant appealed again, and we concluded that the trial court had misinterpreted the purpose of our Rule 604(d) remand. *Id.* ¶¶ 11-12. The court apparently assumed that it was addressing the amended motion as if the ruling on the original motions had not been vacated in the prior appeal and the cause remanded for the filing of *new* motions (if necessary). *Id.* It was in this context that we made the remarks on which the State relies here. In full, we stated:

> "Our supreme court has held that the appropriate remedy for defense counsel's failure to file a Rule 604(d) certificate is:
>
> 'a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.' [Citation.]

It is axiomatic that, when this court remands a cause for the filing of a new motion (if necessary) and a hearing on a new motion, the order that is the subject of the appeal is vacated. An order that is left intact does not require a remand for further proceedings. A vacated judgment is nullified, canceled, and void. [Citation.] Thus, the trial court's August 15, 2012, order denying defendant's motion to withdraw the guilty plea and granting in part the motion to reconsider the sentence was vacated when this court issued its summary remand ***. It is also axiomatic that amended pleadings supersede prior pleadings. [Citation.] Defense counsel apparently concluded 'that a new motion is necessary' [citation] and clearly took advantage of the opportunity to file a new motion, to both withdraw the guilty plea and reconsider the sentence. Thus, defendant's prior motions to withdraw the plea and reconsider the sentence were superseded by her combined motion after remand." *Id.* ¶ 10.

¶ 19    In *Bernard*, we concluded that the summary remand order *implicitly* vacated the denial orders. But we did not address what we may do *explicitly* in a remand for Rule 604(d) compliance. Affirming a judgment but remanding the cause to allow some action to benefit a defendant is not a frequent disposition, but it occurs. See, *e.g.*, *People v. Hatter*, 2021 IL 125981, ¶ 41; *People v. Sherman*, 2020 IL App (1st) 172162, ¶¶ 57-5. We, therefore, conclude that we have the authority to follow *Strawder* here.

¶ 20    Following *Strawder* is also the *fairer* approach. The State suggests that if defendant was satisfied with the eight-year sentence, he should not have appealed. The State suggests that defendant is trying "to have his cake and eat it, too." Given that we have concluded that we cannot address the merits of defendant's sentencing claim in the absence of a valid Rule 604(d) certificate, we do not agree. Had counsel filed a valid certificate, defendant could have obtained a ruling on

his sentencing claim without relinquishing his sentence reduction. We see no reason that defendant should be penalized for counsel's oversight.

¶ 21 We note that, for purposes of proceedings on remand, the principles underlying section 5-5-4(a) of the Unified Code of Corrections (730 ILCS 5/5-5-4(a) (West 2020)) are applicable here. Section 5-5-4(a) provides:

> "Where a conviction or sentence has been set aside on direct review *** , the court shall not impose a new sentence for the same offense *** which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." 730 ILCS 5/5-5-4(a) (West 2020).

Because we are not setting aside defendant's sentence, section 5-5-4(a) cannot have any direct application here. But the purpose of the section is to "prevent[ ] vindictiveness in resentencing a defendant for having exercised his appeal rights or his right to file a post-judgment motion." *People v. Woolsey*, 278 Ill. App. 3d 708, 710 (1996). This current appeal is in the service of allowing defendant to file a full appeal. Further, if defendant seeks to have the trial court vacate its ruling on his motion to reconsider the sentence, that also will be in the service of exercising his appeal rights. On remand, should defendant again seek reconsideration of his sentence, the trial court should follow the principles of section 5-5-4(a).

¶ 22                                III. CONCLUSION

¶ 23 For the reasons stated, we remand the cause to the circuit court of Kane County for compliance with Rule 604(d). Defendant may file a motion to withdraw his plea if he so chooses. If defendant wishes to file a new motion to reconsider the sentence, we direct the court to vacate its ruling on the original motion and allow him to do so.

¶ 24    Cause remanded with directions.

---

**No. 2-20-0379**

---

| | |
|---|---|
| **Cite as:** | *People v. Merriweather*, 2021 IL App (2d) 200379 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 18-CF-2433; the Hon. Alice C. Tracy, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Josette Skelnik, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---