# Illinois Official Reports

## Appellate Court

---

### *People v. McCaslin*, 2014 IL App (2d) 130571

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD McCASLIN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0571 |
| Filed | December 11, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant waived his right to appeal as part of his plea agreement, which provided for his entry into a drug-court program that would result in a sentence to 1 year of conditional discharge on a conviction for one count of burglary if he successfully completed the program, but a 10-year sentence for burglary if he was discharged from the program for being charged with a new felony offense, no particular admonishments were required and the waiver of his right to appeal was valid and enforceable, especially when defendant initialed the waivers after reviewing them with his counsel and defendant's counsel indicated that defendant understood the waivers, had reviewed them and voluntarily agreed to participate in the program; therefore, defendant's appeal from his sentence to 10 years in prison for violating the plea agreement by being charged with a new felony offense was dismissed. |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 12-CF-19; the Hon. Robbin J. Stuckert, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on        Thomas A. Lilien and Paul J. Glaser, both of State Appellate
Appeal            Defender's Office, of Elgin, for appellant.

                  Richard H. Schmack, State's Attorney, of Sycamore (Lawrence M.
                  Bauer and Aline Dias, both of State's Attorneys Appellate
                  Prosecutor's Office, of counsel), for the People.

Panel             PRESIDING JUSTICE SCHOSTOK delivered the judgment of the
                  court, with opinion.
                  Justice Hutchinson concurred in the judgment and opinion.
                  Justice Jorgensen specially concurred, with opinion.

**OPINION**

¶ 1    Defendant, Todd McCaslin, appeals from an order of the circuit court of De Kalb County granting the State's petition to terminate defendant from the De Kalb County drug-court program, to which he had been admitted under the terms of a plea agreement. Defendant argues that the State failed to prove that defendant "commit[ted] a new felony offense" in violation of the plea agreement. For the reasons that follow, we dismiss the appeal.

¶ 2                              I. BACKGROUND

¶ 3    On January 6, 2012, defendant was charged by information with three counts of burglary (720 ILCS 5/19-1(a) (West 2010)). On March 12, 2012, defendant pleaded guilty to one count of burglary (with the State nol-prossing the remaining counts), and, as part of the plea agreement, he was accepted into the De Kalb County drug-court program.

¶ 4    The plea agreement provided that defendant's sentencing would be "deferred until either the completion of or unsuccessful discharge from the program." If defendant successfully completed the program, a conviction would enter on one count of burglary with a sentence of one year of conditional discharge. If defendant were unsuccessfully discharged from the program, defendant would be sentenced to 10 years in prison. The plea agreement further provided: "If the defendant commits a new felony offense, or DUI, the [S]tate shall immediately file a Petition to Unsuccessfully Discharge the defendant from the program. The case shall proceed to the sentencing hearing pursuant to the plea and predetermined sentence."

¶ 5    As a condition of entering the drug-court program, defendant executed a document entitled "Waivers and Agreements." The document included, *inter alia*, the following provision: "I waive any and all rights to appeal I may have in the event I am dismissed from the De Kalb County Drug Court, and understand and consent to the Court and De Kalb County Drug Court Team being the sole authority for determining such dismissal." The initials "TM" were handwritten next to each provision. The document contained defense

counsel's signature, indicating: "I have reviewed this with my client. (S)he understands it and voluntarily agrees to participate[.]"

¶ 6        During the plea hearing, prior to the trial court's acceptance of defendant's guilty plea, the following colloquy took place between the court and defendant concerning the waivers and agreements signed by defendant:

"THE COURT: I know your attorney has gone over all of the documents, and there are several things that you've been signing this morning.

First of all, you understand that by entering drug court, you are giving up many constitutional rights that you have regarding hearings, and I'm showing you a three-page document. It has the initials TM next to each of the paragraphs. Are those your initials?

DEFENDANT: Yes.

THE COURT: And did you initial each and every one of the paragraphs after going over this with [defense counsel]?

DEFENDANT: Yes.

THE COURT: And understand all of the waivers that you are entering into by coming into the drug court, as well. Is that correct?

DEFENDANT: Yes."

¶ 7        On April 10, 2013, the State filed a petition to terminate defendant from the drug-court program, alleging that defendant failed to comply with the terms of the plea agreement in that: "On or about February 1, 2013, Defendant was charged in Ogle County, Illinois with the felony offense of Theft in Ogle County Case No. 13 CF 27."

¶ 8        At the hearing on the petition, the State tendered a copy of the information filed in case No. 13-CF-27, showing that defendant had been charged with felony theft. Defendant argued that, under the plea agreement, the State was required to show that defendant had committed a new felony offense, not that he had been charged with a new felony offense. The trial court granted the State's petition, finding that "past practices" have been that "[a]ny individual who has been charged with a felony offense has been discharged unsatisfactorily from the program based on that offense."

¶ 9        On May 14, 2013, the trial court sentenced defendant to 10 years in prison.

¶ 10        Defendant appealed.

¶ 11        II. ANALYSIS

¶ 12        Defendant argues that the State failed to prove that he "commit[ted] a new felony offense" in violation of the plea agreement. According to defendant, the State proved only that defendant had been charged with a new felony offense. In response, the State argues that defendant validly waived his right to appeal. We agree with the State.

¶ 13        A defendant has a constitutional right to appeal a criminal conviction. Ill. Const. 1970, art. VI, § 6. However, "the right to appeal may be waived, whether by neglect or by conscious choice." *People v. Fearing*, 110 Ill. App. 3d 643, 644 (1982). Therefore, "unless the defendant can show that [an] agreement not to appeal was made involuntarily or unintelligently or suffers from some similar infirmity, it may be enforced." *Id*. at 645.

¶ 14    It is clear from the record that defendant's waiver of his right to appeal was made voluntarily and intelligently. At the plea hearing, the trial court specifically addressed the waivers and agreements signed by defendant. The court advised defendant that by pleading guilty and entering drug court he was giving up many constitutional rights. The court inquired as to whether the initials next to each waiver belonged to defendant, and defendant agreed that they did. The court asked defendant whether he initialed the waivers after going over them with his counsel, and defendant agreed that he did. The court asked defendant whether he understood the waivers, and defendant agreed that he did. Given this record, we find that defendant voluntarily and intelligently waived his right to appeal.

¶ 15    Nevertheless, defendant argues that his waiver is not a "procedural bar" to the appeal. According to defendant, because the trial court failed to specifically admonish him about the appellate rights that were being waived as a condition of entering drug court, his waiver should not be enforced. In support of his argument, defendant relies on *Fearing* and *People v. Houle*, 257 Ill. App. 3d 721, 726-27 (1994). We review each in turn.

¶ 16    In *Fearing*, following a jury trial, the defendant was found guilty of burglary and felony theft. *Fearing*, 110 Ill. App. 3d at 644. Thereafter, the defendant entered into a plea agreement involving the two convictions and six pending charges. *Id*. The plea agreement waived a presentencing report and a sentencing hearing and included the defendant's promise not to appeal his convictions of burglary and theft. *Id*. Notwithstanding his promise, the defendant appealed. The State moved for dismissal of the appeal, arguing that the defendant waived his right to appeal. In response, the defendant maintained that the trial court should have admonished him about the specific rights being lost. *Id*. at 645-46. The Fourth District found that the trial court did admonish the defendant, noting that the trial court had advised the defendant of the right to appeal, the right to have a copy of the transcript furnished free of charge if the defendant could not afford it, and the right to have an attorney to represent him free of charge if the defendant could not afford one. *Id*. at 646. The reviewing court concluded that, because the trial court fully explained to the defendant the appellate rights waived by the agreement, and because the defendant was represented by counsel, the defendant knowingly and voluntarily waived his right to appeal. *Id*.

¶ 17    In *Houle*, the defendant entered into a plea agreement and waived his right to appeal his convictions. *Houle*, 257 Ill. App. 3d at 726. At the plea hearing, the trial court acknowledged the waiver as follows: " 'In this case I do believe that the waiver of the rights and the plea of guilty are voluntarily and knowingly made. Additional conditions that were stated to this Court, [defendant], that is you are giving up all rights to appeal. You're accepting this without being able to change your mind later ***.' " *Id*. at 725. The trial court accepted the defendant's guilty plea and imposed sentence. *Id*. at 723. Subsequently, the defendant filed an appeal in this court. On appeal, the State argued that the appeal should be dismissed due to the defendant's waiver. *Id*. at 724. We declined to enforce the waiver. We found that, unlike in *Fearing*, the record was "void of substantially all of the advice required to be given to the defendant by the trial court." *Id*. at 727. More specifically, we noted the trial court's complete failure to comply with Illinois Supreme Court Rule 605(b) (eff. Aug. 1, 1992), which set forth the admonishments that must be given by the trial court, at the time of imposing sentence, concerning the right to appeal. *Houle*, 257 Ill. App. 3d at 727.

¶ 18    Defendant attempts to extrapolate from *Fearing* and *Houle* the proposition that, when a defendant waives his right to appeal, the trial court is required to provide certain

admonishments to the defendant. Defendant essentially claims that a waiver of the right to appeal is *per se* involuntary and unknowing in the absence of those admonishments. We do not agree. Although the *Fearing* court emphasized the trial court's admonishments to the defendant concerning his appellate rights, it did so in response to the defendant's argument that the trial court had not admonished him. *Fearing*, 110 Ill. App. 3d at 645-46. The *Fearing* court found that, because the trial court had given the admonishments that the defendant had claimed were required, his waiver was enforceable. *Id*. However, the *Fearing* court did not hold that such admonishments were required for a valid waiver.[1] *Cf. People v. Bannister*, 232 Ill. 2d 52, 66 (2008) (trial court need not give specific admonition for valid jury waiver, which instead depends on facts of each case). Indeed, such admonishments could be required only by statute or supreme court rule.

¶ 19    To be sure, the *Houle* court declined to enforce a waiver without the admonishments required by Rule 605(b). However, Rule 605 admonishments do not advise the defendant that, pursuant to his guilty plea, he is waiving the right to appeal. See Ill. S. Ct. R. 605(b), (c) (eff. Oct. 1, 2001). To the contrary, those admonishments, which are required at sentencing, advise the defendant how to *preserve* the right to appeal. See Ill. S. Ct. R. 605(b), (c) (eff. Oct. 1, 2001); *People v. Breedlove*, 213 Ill. 2d 509, 518 (2004).[2] Where the defendant, pursuant to his guilty plea, has *waived* the right to appeal, Rule 605 admonishments at sentencing would seem to be inapplicable. In any event, to the extent that *Houle* required Rule 605 admonishments for a valid waiver, pursuant to a guilty plea, of the right to appeal, we decline to follow it.

¶ 20    Instead, it is the admonishments under Illinois Supreme Court Rule 402 (eff. July 1, 2012) that advise the defendant of the rights he is waiving pursuant to his guilty plea. Specifically, the defendant must be informed "that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her." Ill. S. Ct. R. 402(a)(4) (eff. July 1, 2012). Rule 402 does not provide for any admonishment advising the defendant, where applicable, that he is waiving the right to appeal. Thus, no specific admonishment is necessary to validate that waiver; its validity depends on the facts of each case. *Cf. Bannister*, 232 Ill. 2d at 66.

¶ 21    Here, as noted, defendant's waiver was valid. We find instructive *People v. Panizzon*, 913 P.2d 1061 (Cal. 1996). In *Panizzon*, the defendant pleaded no contest to various felony counts pursuant to a plea agreement that specifically provided for the imposition of a certain prison sentence. *Id*. at 1063-64. Prior to entering his plea, the defendant executed an 11-page document entitled " 'Waiver of Constitutional Rights and Plea of Guilty or "No Contest" ' " (*id*. at 1068), wherein he initialed the following provision:

---

[1]Thus, our statement in *People v. Nichols*, 143 Ill. App. 3d 673, 677 (1986), that the *Fearing* court held that a defendant "should be admonished what specific rights are being waived by such an appeal waiver," was misleading. Although such admonishments might be the better practice, the *Fearing* court did not require them.

[2]Notably, at sentencing here, the trial court purported to admonish defendant under Rule 605. Thus, in asserting that he was not admonished that his guilty plea waived the right to appeal, defendant implicitly agrees that the Rule 605 admonishments do not serve that purpose.

" 'I hereby waive and give up my right to appeal from the sentence I will receive in this case. I also waive and give up my right to appeal the denial of any and all motions made and denied in my case.' " *Id*. at 1069.

The defendant's attorney also signed the document, indicating that he reviewed the document with the defendant. *Id*. The defendant confirmed at a hearing that he had read, understood, and personally initialed the relevant paragraphs of the agreement. *Id*. at 1070. Defense counsel confirmed his signature and his belief that the defendant was knowingly and intelligently giving up his constitutional rights. *Id*. When the defendant later appealed, the State argued that the defendant had waived his right to appeal. *Id*. at 1064. The appellate court disagreed with the State but affirmed on the merits. *Id*.

¶ 22 On appeal to the California Supreme Court, the defendant argued that the record failed to demonstrate a valid waiver of the right to appeal, because he was not properly admonished of that right. *Id*. at 1070. The court found this argument "devoid of merit." *Id*. The court noted that, "[e]ven though the trial court did not admonish defendant regarding the right to appeal, the waiver and plea agreement signed by defendant and his attorney contains defendant's representations that he understood the sentence that would be imposed if he pleaded no contest, that he had discussed with his attorney both the paragraph specifying the sentence to be imposed and the paragraph containing the waiver of the right to appeal the sentence, and that he fully understood all matters set forth in the document without exception." *Id*. at 1070-71. The court further noted that defense counsel represented that he had reviewed the agreement with the defendant and that he concurred in the defendant's decision to waive the specified rights. *Id*. at 1071. In addition, the court noted that, at the hearing, both the defendant and his attorney attested to the document's valid execution, and the in-court questioning of the defendant and his attorney raised no doubts as to the defendant's understanding of his rights. *Id*. Thus, the court held: "Under these circumstances, we are satisfied that defendant's waiver of the right to appeal the bargained sentence was knowing, intelligent, and voluntary despite the absence of a specific admonishment by the trial court." *Id*.

¶ 23 So too here. As already noted, at the plea hearing, the trial court specifically addressed the waivers and agreements signed by defendant. The court advised defendant that by pleading guilty and entering drug court he was giving up many constitutional rights. Defendant agreed that he initialed the provision waiving his right to appeal, that he did so after reviewing the waiver with counsel, and that he understood the waiver. Further, defense counsel indicated on the waivers and agreements that she reviewed the document with defendant and that defendant understood it and voluntarily agreed to participate.

¶ 24 Given that no particular admonishments were required, and given the record as noted above, we hold that defendant's waiver of his right to appeal is valid and enforceable.

¶ 25 III. CONCLUSION

¶ 26 For the reasons stated, we dismiss the appeal.

¶ 27 Appeal dismissed.

¶ 28        JUSTICE JORGENSEN, specially concurring.

I agree with the majority's analysis and concur that the appeal must be dismissed. Pursuant to the terms of his plea agreement, defendant waived his appellate rights.

I write separately to comment that, while I understand that waivers of constitutional and procedural rights are a common and integral component of drug-court agreements, such sweeping waivers can have a detrimental effect on the integrity and sustainability of drug-court programs. My concern is that the waiver of appellate rights effectively gives the program virtually unfettered authority, including over the burden of proof necessary to terminate a defendant from the program. In my opinion, if future offenders are to be encouraged to undertake the arduous journey of intensive treatment, the program must not only be fair, it must be *perceived* as fair. This includes expecting a commitment by the State that it will shoulder a reasonable burden of proof in attempting to terminate an offender from the program.

Here, the waiver leaves defendant without any recourse to challenge whether the State proved that he violated the terms of the agreement by "committing" another offense, where he was merely *charged* with doing so. The broad waiver precludes us from examining whether the State met its burden and whether the termination decision was appropriate. Critically, it matters not what the result of such an inquiry might be. Rather, in my view, the harm is that, by shielding the process from appellate review, its perceived fairness has been jeopardized.