# Illinois Official Reports

## Appellate Court

*People v. Brown*, 2018 IL App (2d) 160775

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER J. BROWN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0775 |
| Filed<br>Rehearing denied | November 29, 2018<br>December 21, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 13-CF-3644; the Hon. David P. Brodsky, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd and Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, David J. Robinson, and Steven A. Rodgers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices Schostok and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Walter J. Brown, appeals from an order of the circuit court of Lake County, denying his motion to withdraw the waiver of his appeal rights. He argues that the trial court erred in denying his motion without informing him of his need to move to withdraw the negotiated agreement in which the waiver was included. For the reasons that follow, we vacate the denial of defendant's motion and remand with directions.

## I. BACKGROUND

¶ 2

¶ 3    On February 5, 2014, defendant was indicted in case No. 13-CF-3644 on one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a)(3) (West 2012)), two counts of unlawful use of a weapon by a felon (*id.* § 24-1.1(a)), and one count of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(C)). He retained private counsel to represent him. He filed a motion to suppress evidence discovered in a search, which motion was denied. In May 2015, following a bench trial, defendant was found guilty of all four offenses. He filed a timely motion for a new trial.

¶ 4    In the meantime, defendant was also facing charges in other cases. In case No. 14-CF-614, defendant had been charged with, *inter alia*, unlawful possession of a controlled substance. In case No. 13-CF-3068, defendant had been charged with aggravated domestic battery.

¶ 5    In September 2015, new private counsel entered an appearance to represent defendant in case No. 13-CF-3644, with respect to his posttrial motion. That same attorney represented defendant in case Nos. 14-CF-614 and 13-CF-3068.

¶ 6    On January 13, 2016, the parties were before the court on all three cases. With defendant's agreement, the court held a conference in accordance with Illinois Supreme Court Rule 402 (eff. July 1, 2012). Thereafter, the court thoroughly detailed for defendant what was discussed at the conference. The court then told defendant that the final agreement was for an eight-year sentence at 85% for the armed-habitual-criminal conviction, which sentence was two years above the minimum, to be served consecutively to a sentence of 30 months' probation on a guilty plea to the drug charge, which the State agreed to reduce from a Class X offense. In addition, the State agreed to dismiss the domestic-battery charge. The court told defendant that, if he were convicted of all three offenses, he would face a significant prison sentence. The court continued the matter so that defendant could discuss the agreement with his counsel.

¶ 7    On January 29, 2016, the parties appeared before the court. Defense counsel advised the court that they were there for a hearing on defendant's posttrial motion in case No. 13-CF-3644 and, if the motion were denied, for sentencing. Defense counsel advised further that defendant would be entering a negotiated plea in case No. 14-CF-614. The State indicated that the parties had agreed to a "global resolution" concerning all three of defendant's cases. According to the State, it had agreed to the global resolution partly because defendant would give up his right to appeal in case No. 13-CF-3644. In response, defense counsel stated that, although he agreed to the eight-year sentence for the armed-habitual-criminal conviction, the sentence of 30 months' probation on the drug charge, and the dismissal of the domestic-battery charge, he never agreed to defendant's giving up his right to appeal in the armed-habitual-criminal case. Thereafter, the following colloquy took place:

"THE COURT: I will say that the Court was present in the 402 conference, of course. I will say that what we did discuss in this case was a global resolution to all of the charges and there was actually some discussion as to how to configure the plea in a way that would accomplish what everyone was trying to accomplish here.

I do recall that part of the resolution and part of the attraction that was pitched to the State was that *he was going to be giving up his right to appeal in 13 CF 3644 as part of that plea bargain* and in return they would agree to a global resolution of all the charges which included the court sentencing [defendant] to eight years on the armed habitual criminal which is a minimum of six. That although there was a mandatory consecutive sentence on the other Class X felony, which was 14 CF 614, the State was going to agree to reduce that charge to a Class 3 felony; and then based on that, he would be given consecutive probation for 30 months. That would be after he served the time on the eight-and-a-half [*sic*] years and then the other charge, felony domestic battery, was going to be nolle prose [*sic*]. That was my understanding of what we walked out of the 402 conference with.

[THE STATE]: Judge, it's my understanding the probation was for Class 1.

THE COURT: For Class 1, that's right, because it was going to be for 30 months, so it was on a Class 1.

[THE STATE]: 30 months.

THE COURT: Right, but it was no longer going to be mandatory incarceration. That was to another offense. I do stand corrected. Those were my recollections of what happened in the 402 conference.

[THE STATE]: And that's the order [defense counsel] wrote up. [Defense counsel] did write up an order for Class 1.

THE COURT: Okay.

[DEFENSE COUNSEL]: We're in complete agreement except with the notion that [defendant] can't appeal the search and seizure issue in the 3644 case.

THE COURT: We're talking about the motion to suppress the search of his truck?

[DEFENSE COUNSEL]: Right, which he wants to do, and I think he has a right to do that." (Emphasis added.)

Thereafter, the court again stated that its understanding after the Rule 402 conference was that defendant would give up his right to appeal in case No. 13-CF-3644. However, the court further stated that, if defendant did not agree to that, the court was willing to go forward with defendant's posttrial motion and sentencing in case No. 13-CF-3644 and with the trial dates that had been set in the other two cases. The court also indicated that it was willing to give defendant additional time to discuss his options with counsel. Defense counsel asked for more time and the court granted it. The court further stated:

"And, [defendant], certainly no one here is going to force anything down your throat and you obviously have a lot at stake here and you need to talk that out. But I will say that I think it's for the State to agree that you're going to take all of the prison time on the 13 CF 3644 case and then get probation on the other case and then be able to appeal the only case that you got any time on. So if you were to prevail in that appeal, then it would be just a probationable case. I don't think that's what the State had in mind and that's not what I believe we discussed. I apologize if your attorney had a different

- 3 -

impression walking out of the 402 conference, so maybe that does need further discussion and further consultation with [defense counsel]."

The matter was continued.

¶ 8       The parties next appeared on February 10, 2016. The State advised the court that the parties had reached an agreed resolution. In case No. 13-CF-3644, defendant would be sentenced to eight years in prison on the conviction of being an armed habitual criminal, with the remaining convictions merging. Defendant would withdraw his posttrial motion and "give up all appellate rights both to the motions that were held prior to the trial and to the trial itself." In case No. 14-CF-614, defendant would plead guilty to possession of a controlled substance, a Class 1 felony, and be placed on 30 months' probation within 48 hours of his release from prison. The charge in case No. 13-CF-3068 would be nol-prossed.

¶ 9       Defendant indicated that he understood the negotiations and desired to enter into the agreement. Defendant indicated that he had not been promised anything else, that he was pleading guilty voluntarily, and that he had had enough time to talk to his attorney. The trial court heard the factual basis for the plea in case No. 14-CF-614 and found that it was sufficient. The trial court found that defendant had knowingly and voluntarily waived his rights, it accepted the agreement, and it sentenced defendant accordingly.

¶ 10      The trial court admonished defendant as follows:

"THE COURT: Okay. I will now give you some admonishments. The first thing I will do is admonish you regarding the 13 CF 3644. Even though you have withdrawn the motion for a new trial in that case, and you have—waiving your right to appeal in that matter, I will still tell you what your rights to appeal would have been under that case. It is important to know, for a number of reasons, including that it is important you understand what you are giving up.

So in that case, you would have a right to appeal. That right would have been preserved if you filed a motion for a new trial within or a motion for judgment notwithstanding the verdict within 30 days of the sentence that was imposed.

Also, if you wanted to appeal the sentence, you would have had to file a motion to reconsider the sentence within 30 days of the date which the sentence was imposed. Any errors that were not contained in your motions to reconsider the sentence or a motion for a new trial would be waived.

If you are indigent, a transcript of today's proceedings and the proceedings at your trial would have been provided to you at no cost, and an attorney would have been provided to you to handle your appeal.

If you request, the Clerk will assist you in preparing and filing your notice of appeal. Do you understand those rights?

THE DEFENDANT: Yes.

THE COURT: That's regarding the case in which you went to trial. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. But you understand you have withdrawn that motion—you had a motion for a new trial on file that has been withdrawn. Do you understand that?

THE DEFENDANT: Yes.

- 4 -

THE COURT: Now, regarding the plea that we just took on 14 CF 614, you have the right in that case to appeal. *But since that plea was fully negotiated, and I would say fully negotiated in conjunction with the disposition in 13 CF 3644, you would have to file a motion to withdraw your plea.* You would only have 30 days in which to file that motion to withdraw your plea. That motion would have to be in writing, and it would need to contain any errors or any reasons why you want to withdraw your plea. Any reasons you leave out of that would be waived, and I wouldn't be able to consider them.

But if you did file such a motion and I granted it, all the original charges and all the possible penalties would be reinstated. Let me tell you what that includes. That includes all of the possible penalties, not only in 14 CF 614 that being a Class X felony, but also all of the possible penalties in 13 CF 3644. Those are both Class X felonies as I said before for which you are eligible for up to 6 to 30 years in the Illinois Department of Corrections followed by a $25,000 fine and mandatory supervised release, and those two offenses would be mandatory consecutive so they have to be one served after the other.

If you did file such a motion to withdraw your plea and that was granted all the charges—and let me tell you also 13 CF 3068 will also be reinstated, and then those matters will be immediately set down for trial other than 13 CF 3644 in which that matter would be set down for sentencing. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions about anything at all that we have done here today?

THE DEFENDANT: No." (Emphasis added.)

¶ 11 On March 24, 2016, in case No. 13-CF-3644, the trial court received defendant's *pro se* motion to withdraw his waiver of appeal rights. (The accompanying notice of filing, which contained defendant's certification pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2014)), was dated March 6, 2016.) The motion read, in its entirety, as follows:

"Now comes the Defendant, Walter Brown, Pro Se, by and through himself moves [*sic*] this court to grant Defendants [*sic*] request to withdrawl [*sic*] waiver of appeal rights in the above case proceedings. The Defendant states as following [*sic*]:

1. The Defendant states that he filed a timely motion to withdrawl [*sic*] waiver of appeal.

2. The Defendant states that he is currently housed in the receiving process of IDOC with limited legal assistance. The Defendant further states he has made several attemps [*sic*] to access legal aid to no avial [*sic*]. [L]ast Defendant states that any delay should not be of fault to him.

3. The Defendant states that he has a right to appeal any substantial Constitutional violation in a proceeding.

Wherefore Defendant, Walter Brown, respectfully request [*sic*] for [Y]our Honor to grant said motion[.]"

¶ 12 On March 31, 2016, with only the state's attorney present, the trial court denied defendant's motion by written order. The trial court noted that defendant did not move to

vacate the judgment and withdraw his plea and was instead improperly seeking to modify the agreement. The court found further that defendant's motion was untimely.

¶ 13    We granted defendant's motion to file a late notice of appeal.

¶ 14                                  II. ANALYSIS

¶ 15    Defendant argues that the trial court erred in denying his motion to withdraw his appeal waiver. According to defendant, the trial court should have treated the motion as a timely, though insufficient, motion under Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015) and thus should have afforded him the procedural protections under that rule. The State responds that the motion was properly denied as it was not a motion under Rule 604(d), in either form or substance.[1]

¶ 16    The parties agree that Rule 604(d) essentially applies here. Rule 604(d) instructs that "[n]o appeal shall be taken upon a negotiated plea of guilty *** unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). Compliance with Rule 604(d) is a condition precedent to an appeal from a judgment on a guilty plea. *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003).

¶ 17    Here, although defendant waived his right to appeal from a judgment *entered after a bench trial*, that appeal waiver was part of a negotiated agreement that secured his guilty plea in case No. 14-CF-614. Indeed, the State made clear that it had entered into a "global" agreement that encompassed both case Nos. 14-CF-614 and 13-CF-3644 partly because, as part of that agreement, defendant was giving up his right to appeal in case No. 13-CF-3644. Given that the appeal waiver was part of the negotiated agreement, defendant concedes that he "could not properly separate out one aspect of the bargain to challenge" and had to move to withdraw the entire agreement. See *People v. Evans*, 174 Ill. 2d 320, 327 (1996) (contract principles prohibit a defendant from seeking to hold the State to its part of a plea bargain while unilaterally seeking to modify his own). That is, defendant essentially had to comply with Rule 604(d) by moving to "withdraw the plea of guilty and vacate the judgment[s]" in both cases. Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). Defendant did not do so. Nevertheless, defendant maintains that, rather than summarily denying his motion, the trial court should have "brought him before the court, explained what more he would need to do to challenge the judgment, and made sure that [he] had counsel to represent him." Although we agree that the trial court should have explained the required procedure to defendant, we disagree that it should have done so after he filed the motion to withdraw the appeal waiver. Instead, it should have done so when it accepted the agreement.

¶ 18    As noted, this case involves a failure to comply with Rule 604(d). Where the defendant fails to comply with Rule 604(d), we generally must dismiss his appeal. *Flowers*, 208 Ill. 2d at

_____

[1]The State does not counter defendant's argument that his motion was timely. We agree with defendant that the motion was timely. Defendant provided a notice of filing in which he certified by an "Affidavit of Service" under section 1-109 of the Code that he mailed the motion to the circuit clerk and the state's attorney on March 6, 2016, which was within 30 days of the date of judgment. Because the motion and accompanying notice of filing were timely placed in the prison mail, the motion was timely filed. See Ill. S. Ct. Rs. 373, 12(b)(4) (eff. Sept. 19, 2014); *People v. Maiden*, 2013 IL App (2d) 120016, ¶¶ 9-16.

301. However, an exception applies where the trial court failed to properly admonish the defendant, per Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001), of the strictures of Rule 604(d). *Flowers*, 208 Ill. 2d at 301. That is essentially what happened here.

¶ 19 To be sure, the trial court's admonishments "regarding the plea that we just took on 14 CF 614" were the proper admonishments for a negotiated guilty plea. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). The court even properly advised defendant that, because the plea was "negotiated in conjunction with the disposition in 13 CF 3644," he could not attack either judgment without moving to withdraw the plea. Had the court provided only these admonishments, defendant would have known that he could not appeal, in either case, unless he moved to withdraw the agreement, including the appeal waiver in case No. 13-CF-3644.

¶ 20 The problem is that the trial court also provided defendant with admonishments specific to case No. 13-CF-3644. The court told defendant, "Even though you [are] waiving your right to appeal in that matter, I will still tell you what your rights to appeal would have been under that case." These admonishments, by which the court meant to ensure that defendant's appeal waiver was knowing, were not legally required (*People v. McCaslin*, 2014 IL App (2d) 130571, ¶ 20), and, at least in this case, they were misleading. Specifically, they suggested to defendant that the appeal waiver in case No. 13-CF-3644 was separate from the agreement that governed "the disposition in 13 CF 3644." They thus suggested to defendant that he could do precisely what he did: move to withdraw only the appeal waiver, in a motion specific to case No. 13-CF-3644. See *People v. Bates*, 323 Ill. App. 3d 77, 85 (2001) ("fundamental fairness commands that the information related by the trial court [under Rule 605] be legally accurate and not misleading"), *overruled on other grounds*, *People v. Jones*, 213 Ill. 2d 498, 507-08 (2004).

¶ 21 Accordingly, we vacate the denial of defendant's motion to withdraw his appeal waiver, and we remand the cause with the following directions. In accordance with the "global" nature of the negotiated agreement, governing the dispositions of both cases, the trial court shall admonish defendant, as to both cases, under Rule 605(c). That is, among other things, the court shall admonish defendant that, as to both cases, defendant may not appeal without first moving, within 30 days, to "have the judgment[s] vacated and for leave to withdraw the plea of guilty." Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001).[2] If defendant files such a motion, the court shall proceed pursuant to Rule 604(d). See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 22 III. CONCLUSION

¶ 23 The judgment of the circuit court of Lake County is vacated, and the cause is remanded with directions.

¶ 24 Vacated and remanded with directions.

---

[2]We acknowledge that even the Rule 605(c) admonishments are not perfectly applicable to this unusual case, insofar as the first admonishment is that the defendant "has a right to appeal" (Ill. S. Ct. R. 605(c)(1) (eff. Oct. 1, 2001)), which, at least in case No. 13-CF-3644, defendant has waived. See *McCaslin*, 2014 IL App (2d) 130571, ¶ 19 (because Rule 605 admonishments advise the defendant how to *preserve* the right to appeal, they "would seem to be inapplicable" where the defendant has *waived* the right to appeal). Nevertheless, the admonishment is accurate insofar as defendant could still appeal the denial of his motion to withdraw the agreement containing the waiver.